BOMAR v. BOGART et al.

No. 159, Docket 20454.

Circuit Court of Appeals, Second Circuit.

Feb. 5, 1947.

Willie Melmoth Bomar, pro se.

Irving S. Freedman, of New York City, for defendants-appellees, St. Marc Arms, Inc., and Max Plaue.

Howard L. Lilienthal, of New York City, for defendants-appellees, Associated

Hotels and Residence Clubs, Inc., and Benjamin Bogart.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court dismissing the plaintiff's complaint in the action instituted by the plaintiff Dr. Bomar on a motion made by the defendants on the following grounds: That the complaint failed to state a claim against any of the defendants upon which relief can be granted; that the court lacked jurisdiction over the subject matter and the persons of the defendants.

The complaint alleges that the plaintiff and each of the defendants were citizens and residents of the State of New York. There was, therefore, no jurisdiction based upon diverse citizenship. It also appears from the complaint that the defendant Plaue is an officer and general manager of defendant St. Marc Arms, which is a member of defendant Associated Hotels and Residence Clubs, of which the defendant Bogart is Executive Secretary; that the plaintiff occupied a room in the St. Marc Arms for at least 17 weeks prior to October 24, 1944, for which she had been overcharged 50 cents per week in violation of the OPA rent ceiling regulations; that because of this overcharge she recovered a judgment against St. Marc Arms for $50 and costs in the Municipal Court of the City of New York; that she had not paid rent after October 24, 1944, because the rental ceiling price had not been posted in her room and because her room had not been cleaned; that on November 17 she found herself locked out and on November 18 tendered rent which the defendant Bogart, representing St. Marc Arms, Inc., refused to accept with the comment that as she had reported the overcharge to the OPA he did not wish her to remain as a tenant; the hotel also refused to give her access to her personal effects such as clothing, jewelry, eyeglasses, etc., to recover which she brought another action in the Municipal Court; that they also refused to return to her certain business, legal and professional papers of an alleged value in excess of $3,000.

Because of the foregoing the plaintiff alleged a conspiracy (1) to violate rent ceiling prices of the Price Administrator; (2) to violate 8 U.S.C.A. § 47(2).* The enforcement of the prohibition of the Emergency Price Control Act against the removal of a tenant because the latter has taken or proposes to take action authorized by the Act or any regulation, order, or requirement thereunder, 50 U.S.C.A.Appendix, § 904(b), is given only to the Price Administrator or Attorney General—not to the tenant. 50 U.S.C.A.Appendix, § 925 (a, b). The latter may only sue for an overcharge, 50 U.S.C.A.Appendix, § 925 (e), or in the Emergency Court of Appeals to review an adverse order of the Administrator. See opinion of Mr. Justice Black in Parker v. Fleming, Administrator, 67 S.Ct. 463. Consequently the plaintiff had no standing to sue for a conspiracy to violate § 904(b) of the Act.

No action to recover personal effects lay in the absence of diverse citizenship.

The plaintiff has quite misconceived the scope of the Civil Rights Statute, 8 U.S.C.A. § 47(2). The statute was passed to aid in the enforcement of the Thirteenth, Fourteenth, and Fifteenth Amendments (see Love v. Chandler, 8 Cir.,

* § 47(2): "If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified * * * or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws * * * the party so injured * * * may have an action for the recovery of damages * * * against any one or more of the conspirators."

124 F.2d 785), and was aimed at discriminatory practices of a kind not alleged here. There was no conspiracy to injure the plaintiff in her person or property on account of her having attended a federal court. Likewise there was no conspiracy to impede the due course of justice in any State with intent to deny the plaintiff the equal protection of the laws, or to injure her in her property for lawfully enforcing or attempting to enforce a right to the equal protection of the laws. Accordingly there was no violation of either clause of 8 U.S.C.A. § 47(2), and the claim asserted under that statute must fail. See Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497.

For the foregoing reasons the order appealed from is affirmed.