**MOFFETT v. COMMERCE TRUST CO.**
et al.

No. 4581.

District Court, W. D. Missouri, W. D.

Dec. 11, 1947.

A. E. Watson and Martin J. O'Donnell, both of Kansas City, Mo., for plaintiff.

James E. Goodrich and Eugene Bowers, both of Kansas City, Mo., for defendant Commerce Trust Co.

Orlin A. Weede, of Kansas City, Mo., pro se.

B. C. Howard, pro se, and William Dennis Bush, of Kansas City, Mo., for defendant B. C. Howard.

William Dennis Bush, of Kansas City, Mo., for defendant William Kopp.

REEVES, District Judge.

This is an action for damages arising from alleged tortious acts pursuant to a claimed conspiracy. The jurisdiction of this court is rested upon the provisions of Section 1 of the Fourteenth Amendment to the Constitution of the United States and the provisions of Sections 43 and 47 of the Civil Rights Act, Title 8 U.S.C.A..

It is asserted by the plaintiff that the several defendants conspired to deprive her of due process of law and also of the protection of the law, contrary to the provisions of said Fourteenth Amendment. Plaintiff assumes that, in the light of such constitutional provision, the Congress, by the enactment of Sections 43 and 47, Title 8 U.S.C.A., created a right of action in her favor and that she is entitled in this court to maintain such action.

The complaint alleges a large number of overt acts. At the conclusion of her lengthy complaint, the plaintiff says: " * * * that, as a direct result of said wrongful acts of defendants pursuant to said conspiracy, plaintiff has sustained actual damage in the sum of $1,000,000.00. That the said acts of defendants, pursuant to the said scheme and the said conspiracy, with the resulting damage to plaintiff, necessitate the infliction of punishment upon the defendants by way of punitive damages in a sum sufficient to constitute a punishment to the said defendants and a wholesome warning to the said defendants and others never again to treat any other person as the said defendants have treated this plaintiff, * * *; and that as a direct result of said wrongful acts the said defendants have become liable to plaintiff for, and their punitive damages should be assessed at $1,500,000.00."

All the defendants have separately filed motions to dismiss. They have also filed motions with relation to other aspects of the complaint. In the view here taken it is only necessary to consider the motions to dismiss.

■ 1. This being an action for a civil wrong wrought under an alleged conspiracy, it must not be forgotten that the gist or gravamen of the action is not the conspiracy itself but the civil wrong done under the conspiracy and which wrong or wrongs resulted in damage to plaintiff. Scavenger Serv. Co. v. Courtney, 7 Cir., 85 F.2d 825.

It is the rule, therefore, that each tortious act resulting in damage creates an independent, separate and distinct cause of action against the conspirators. 15 C.J.S., Conspiracy, § 21.

■ An inspection of plaintiff's amended complaint shows that it contains many alleged tortious acts. These are not separated, but are incorporated in one complaint as if there were a single cause of action, and, at the conclusion of a complaint covering 83 typewritten pages, plaintiff prays damages as above set out. The complaint partakes of the nature of a federal indictment in the case of a criminal conspiracy and the alleged tortious acts are treated merely as overt acts. This, of course, cannot be done under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Paragraph (2) of Rule 8(e), Rules of Civil Procedure for the Federal Courts, specifically provides that: "A party may also state as many separate claims * * * as he has regardless of consistency and whether based on legal or on equitable grounds or on both."

As stated by Judge Holtzoff in his interpretation of the Rules, entitled "New Federal Procedure and the Courts": "If the complaint sets forth several claims, each claim should be stated in a separate count." This text of Judge Holtzoff has been supported by decisions of the judges. Further statement is unnecessary to show that the complaint does not comply with the rules of the court and is vulnerable as against the several motions to dismiss.

2. Notwithstanding, the averment that the conspiracy has continued and is continuing, the several alleged tortious acts were and are subject to the bar of the statutes of limitations. The court will take judicial notice of the state statutes with respect to the limitation of the right to institute personal actions, and it is clear that practically all, if not all, of the alleged tortious acts were committed at a time clearly within the bar of the statute and for that reason the complaint should be dismissed. Such an action was directed by the Court of Appeals, 9th Circuit, in Mitchell v. Greenough, 9 Cir., 100 F.2d 184, loc. cit. 187. In that case the Court of Appeals reversed an order of the trial judge in dismissing a similar action for want of jurisdiction. The court said: "Judgment of dismissal for want of jurisdiction is reversed and the case is remanded to the trial court with instructions to dismiss the case for the reason that the complaint does not state a cause of action and *that the action is barred by the statute of limitation.*" (Italics mine.)

3. From the language employed by the court in Mitchell v. Greenough, supra, a question naturally arises as to whether the complaint in this case states a cause of action. While the complaint in one or two places does contain the averment that the plaintiff was denied "equal protection of the law", yet the burden of the complaint is that the conspiracy was to deny the plaintiff "due process of law." These two propositions are quite distinct. Tinsley v. Anderson, 171 U.S. 101, 18 S.Ct. 805, 43 L.Ed. 91.

As repeatedly stated, the prohibition against "denial of equal protection of the law" was designed to prevent class legislation. Adverting to the Constitution and the Statutes relied upon by the plaintiff as conferring jurisdiction on this court, Section 1 of the Fourteenth Amendment to the National Constitution contains this prohibition: *"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."*

Section 43, Title 8 U.S.C.A., relating to Civil Rights provides that: "Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State * * *,* subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

It is unnecessary to point out that this section, as well as the Fourteenth Amendment, is designed to protect citizens against the loss of rights accomplished by some person "under color of any statute, ordinance, regulation, custom, or usage, of any State * * *". Under the circumstances it would be the state acting through its functionaries that would subject the citizen to the deprivation of his rights. Clearly this section would not aid the plaintiff; neither, of course, would Section 1 of the Fourteenth Amendment. As said Section is leveled against designated action by the state against a citizen of the United States, Section 47, Title 8 U.S.C.A., relating to Civil Rights, mentioned in plaintiff's complaint as Section 1980, R.S. of the United States, will in like manner furnish no aid to the contention of plaintiff. Pertinent portions of said Section are as follows:

" * * * if two or more persons conspire for the purpose of impeding, * * * the due course of justice * * * with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing * * *, the right of any person, * * *, to the equal protection of the laws".

" * * * in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right

or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, * * *."

The statute was enacted in 1871 to enforce the rights granted by the Thirteenth and Fourteenth Amendments to the Constitution of the United States. It has been interpreted to mean that it was leveled against state authorities and not individuals. A controlling decision is that of Love v. Chandler, 124 F.2d 785, 786, a decision of this, the 8th circuit. By analogy, the case is very similar to the one at bar. In that case the plaintiff invoked Section 47, Title 8 U.S.C.A., R.S. § 1980. Concerning this statute, Judge Sanborn of the Court of Appeals said:

"The statutes which the appellant seeks to invoke were passed shortly after the Civil War to aid in the enforcement of the Thirteenth Amendment abolishing slavery, the Fourteenth Amendment prohibiting State action the effect of which would be to abridge the privileges or immunities of citizens of the United States or to deprive any person of life, liberty or property without due process or to deny any person the equal protection of the law, and the Fifteenth Amendment prohibiting the denial of the right to vote on account of race or color. * * * *The statutes were intended to provide for redress against State action and primarily that which discriminated against individuals within the jurisdiction of the United States. * * * The statutes, while they granted protection to persons from conspiracies to deprive them of the rights secured by the Constitution and laws of the United States * * *, did not have the effect of taking into federal control the protection of private rights against invasion by individuals.* Hodges v. United States, 203 U.S. 1, 14-20, 27 S.Ct. 6, 51 L.Ed. 65; Logan v. United States, 144 U.S. 263, 282-293, 12 S.Ct. 617, 36 L.Ed. 429. The protection of such rights and redress for such wrongs was left with the States.

"* * * The appellant seeks damages because certain persons, as individuals, have allegedly conspired to injure him and have injured him by individual and concerted action. The wrongs allegedly suffered by the appellant are assault and battery, false imprisonment, and interference with his efforts to obtain and retain employment with the Works Progress Administration. *The protection of the rights allegedly infringed and redress for the alleged wrongs are, we think within the exclusive province of the State.* * * * We agree with the trial court that the appellant has failed to state a claim upon which relief could be granted under the statutes which he has invoked. His complaint was properly dismissed."

Judge Leahy of the District Court, District of Delaware, in Allen v. Corsanc, D. C., 56 F.Supp. 169, exhaustively considered the identical subject and followed Love v. Chandler, supra. See also Bomar v. Bogart, 2 Cir., 159 F.2d 338.

In the case of Snowden v. Hughes, 321 U.S. 1, loc. cit: 16, 64 S.Ct. 397, 405, 88 L.Ed. 497, Mr. Justice Frankfurter, in a separate concurring opinion, succinctly stated the rule, when he said: "But to constitute such unjust discrimination the action must be that of the state. Since the state, for present purposes, can only act through functionaries, the question naturally arises what functionaries, acting under what circumstances, are to be deemed the state for purposes of bringing suit in the federal courts on the basis of illegal state action. The problem is beset with inherent difficulties and not unnaturally has had a fluctuating history in the decisions of the Court."

In the instant case there is no question but that the grievance here is wholly confined to the acts of private parties and in no way is the state involved.

For the reasons above stated, and for others it is unnecessary to state, the motions to dismiss should be sustained, and it will be so ordered.