EARLE C. ANTHONY, Inc. v. MORRISON et al.

No. 8198.

United States District Court
S. D. California.
Central Division.

July 19, 1948.

Overton, Lyman, Plumb, Prince & Vermille, of Los Angeles, Cal., for plaintiff.

Otto A. Jacobs, of Santa Ana, Cal., for defendant Morrison.

R. M. Crookshank, of Santa Ana, Cal., for defendant, The Voice of the Orange Empire.

HARRISON, District Judge.

In this action plaintiff seeks to recover damages for infringement of its civil rights in violation of the Fourteenth Amendment and 8 U.S.C.A. §§ 43 and 47. Defendants have moved to dismiss the complaint on two grounds, namely, (1) for failure to state a claim upon which relief can be granted and (2) for lack of jurisdiction.

The complaint in substance alleges that the defendant Morrison as presiding judge during a sensational murder trial conducted in Orange County permitted the defendant broadcasting company to broadcast the trial from his courtroom during its progress, but denied the same privilege to the plaintiff broadcasting company, all to its damage in the sum of $150,000.

The plaintiff contends that the issue in this case is: "Has a Judge of a court, while acting in his official capacity as such, the right to grant special privileges in his courtroom to one news gathering agency to the exclusion of the others?"

To me the issue is: Does such action present a Federal question? I think not.

Plaintiff admits in its brief that there is no legal right (at least in the year 1948) permitting broadcasting from a courtroom during the course of a trial, but contends that once the defendant judge permitted the defendant broadcasting company that privilege, the denial of the same privilege to the plaintiff was a denial of its civil rights, thereby enabling it to seek redress in this court.

It is my understanding that only rights or privileges granted, secured or protected by the Federal Constitution and laws of the United States can be made the basis of an action under the Civil Rights Statutes. Mitchell v. Greenough, 9 Cir., 100 F.2d 184, 185, and cases therein cited. No such right is disclosed in the pleadings or cited by counsel.

Plaintiff states in its brief: "Obviously, no Judge should permit his courtroom to be filled with innumerable microphones, technicians and wires; in fact the writer of this memorandum believes microphones, photo-flash lights, etc., should not be allowed in a courtroom. But once a Judge opens his courtroom to radio broadcasting, it is our contention that he, as a representative of the State, is obligated to see that no one gets a special privilege, a valuable property right, not open to everyone similarly situated. Above all officials, Judges are charged with the duty to act fairly and impartially."

To follow plaintiff's argument to its natural conclusion, it is its theory that the defendant Morrison did something which he should not have done but as long as he did it, the plaintiff had a vested right in having the wrong repeated.

In Love v. Chandler, 8 Cir., 124 F.2d 785–786, the court said:

"The statutes, while they granted protection to persons from conspiracies to deprive them of the rights secured by the. Constitution and laws of the United States (United States v. Mosley, 238 U.S. 383, 387, 388, 35 S.Ct. 904, 59 L.Ed. 1355), did not have the effect of taking into federal control the protection of private rights against invasion by individuals. Hodges v. United States, 203 U.S. 1, 14–20, 27 S.Ct. 6, 51 L. Ed. 65; Logan v. United States, 144 U.S. 263, 282–293, 12 S.Ct. 617, 36 L.Ed. 429. The protection of such rights and redress for such wrongs was left with the States."

The following language is used in Snowden v. Hughes, 321 U.S. 1, 11–12, 64 S.Ct. 397, 403, 88 L.Ed. 497:

"It was not intended by the Fourteenth Amendment and the Civil Rights Acts that all matters formerly within the exclusive cognizance of the states should become matters of national concern.

"A construction of the equal protection clause which would find a violation of federal right in every departure by state officers from state law is not to be favored."

In the same case Mr. Justice Frankfurter in his concurring opinion summed up the present problem when he stated:

"It is not to be resolved by abstract considerations such as the fact that every official who purports to wield power conferred by a state is pro tanto the state. Otherwise every illegal discrimination by a policeman on the beat would be state action for purpose of suit in a federal court."

For a further discussion of rights protected under our Civil Rights Statutes, see 11 C.J., p. 802; 14 C.J.S., Civil Rights, § 3, p. 1161; The Civil Rights Cases, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835; United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368; 40 Harvard Law Review 969.

■ Under the law of California, the defendant Morrison had control of his courtroom and it was a matter of discretion whether he would permit any broadcasting from his courtroom. Under such discretion he could extend permission to one, ten or one hundred broadcasting stations and I cannot see by any stretch of the imagination wherein even an abuse of discretion can be made the basis of an action of which the Federal judiciary has any jurisdiction. I cannot see under what authority a Federal court can step in and control who shall or shall not be permitted to broadcast from the courtroom of a State court. If the practice of law is not a privilege granted by the Federal court or laws, how can it be construed that the right to broadcast from a courtroom is a privilege granted under the Supreme law of the land? Mitchell v. Greenough, 9 Cir., 100 F.2d 184–185.

I realize the Civil Rights Statutes are very flexible and must be used and applied to meet changing conditions. It may be,

some day, that broadcasting and television may be considered a vested right of news gathering agencies but the flexibility of my mind cannot comprehend that such unusual privileges have thus far jelled into a right.

It is my opinion that the plaintiff has failed to state a cause of action over which this court can entertain jurisdiction.

Defendants are entitled to judgment of dismissal.