**Alfred AVINS, Appellant,**

**v.**

**RUTGERS, the STATE UNIVERSITY OF NEW JERSEY.**

**No. 16480.**

United States Court of Appeals Third Circuit.

Argued Oct. 2, 1967.

Decided Nov. 2, 1967.

Certiorari Denied Jan. 29, 1968.

See 88 S.Ct. 855.

Alfred Avins, pro se.

John G. Graham, Newark, N. J., for appellee.

Before STALEY, Chief Judge, and MARIS and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

MARIS, Circuit Judge.

The plaintiff, Alfred Avins, brought suit in the District Court for the District of New Jersey against the defendant, Rutgers, The State University of New Jersey, for declaratory and injunctive relief. The plaintiff alleged that he had submitted to the editors of the Rutgers Law Review for publication in the Review an article which reviewed the legislative history of the Civil Rights Act of 1875 as it pertained to school desegration and which concluded that, in the light shed by the Congressional debates, the United States Supreme Court had erred in Brown v. Board of Education, 1954, 347 U.S. 483, 489, 74 S.Ct. 686, 689, 98 L.Ed. 873, in holding that "although these sources cast some light, it is not enough to resolve the problem with which we are faced. At best, they are inconclusive." The articles editor of the Review had rejected the article, stating in his letter of rejection "that approaching the problem from the point of view of legislative history alone is insufficient." The plaintiff asserted that the editors of the Law Review had adopted a discriminatory policy of accepting only articles reflecting a "liberal" jurisprudential outlook in constitutional law, an outlook which, he said, rejects the primacy of legislative history and the original intent of the framers of a constitutional provision. The plaintiff stated that his article represented the "conservative" approach to constitutional law and he contended that its rejection, which he said was solely because of its conservative tenor, violated his constitutional right to freedom of speech. Both the plaintiff and the defendant moved for summary judgment. After hearing, the trial judge, in an oral opinion, stated,

inter alia, that he had "serious doubt as to whether the right of freedom of speech embraces a privilege to use a law school review publication as a medium. Freedom of speech is guaranteed by the Constitution, but the right to have others listen is not guaranteed, nor is anyone obligated to read articles that an author is able to publish. It could not be contended reasonably that the Editorial Board of Rutgers Law Review must accept for publication every treatise on law which is submitted to it. There must necessarily be a broad area for the exercise of discretion." The judge concluded that the plaintiff had not shown that he had been deprived of a federally protected right. Summary judgment was accordingly entered for the defendant and this appeal by the plaintiff followed.

The plaintiff's basic contention on this appeal is that a law review published by a state-supported university, such as the defendant, is a public instrumentality in the columns of which all must be allowed to present their ideas, the editors being without discretion to reject an article because in their judgment its nature or ideological approach is not suitable for publication. In considering this contention it must be borne in mind that the validity of a restraint on speech in each case depends on the particular circumstances. Speiser v. Randall, 1958, 357 U.S. 513, 521, 78 S.Ct. 1332, 2 L.Ed. 2d 1460. It is essential, therefore, to scrutinize the procedure by which it is claimed that Rutgers, as an instrumentality of the State of New Jersey, has restrained that freedom. For "Differences in circumstances beget appropriate differences in law." Whitney v. State Tax Commission, 1940, 309 U.S. 530, 542, 60 S.Ct. 635, 640, 84 L.Ed. 909. As Justice Black remarked in his concurring opinion in Cox v. State of Louisiana, 1965, 379 U.S. 559, 578, 85 S.Ct. 476, 468, 13 L.Ed. 2d 487: "The First and Fourteenth Amendments, I think, take away from government, state and federal, all power to restrict freedom of speech, press, and assembly, *where people have a right to be for such purposes.*"

Our inquiry, therefore, is whether in the setting of this case the refusal of the editors of the Rutgers Law Review to permit the review to be the medium for the expression of the plaintiff's ideas abridged his right of free speech. It appears that the publication is part of the educational program of the Law School of Rutgers University for its law students, that the editorial work is done by law students under general faculty guidance, and that the material published consists of "lead" articles contributed by outside authors, in addition to students' writing. The plaintiff does not assert that the operation of the Rutgers Law Review, or the work of the student editors, deviates in any way from that which is customarily followed in the publication of similar law reviews by non-public law schools. Traditionally, a law review is student edited and the student editors determine the policies and decide which of the submitted articles and other material are to be published. In this regard, the trial judge stated:

" * * * the Editorial Board must be selective in what it publishes, and a selective process requires the exercise of opinion as to what particular subject matter of the law will at a given time be of educational value, not only to the student body, but also to the subscribers.

"The plaintiff in this case seems to feel that the subject matter of his article is of paramount significance and should be published to the exclusion of other articles that were apparently selected to fill the space that this article would have taken in the Law Review.

"In this respect he seeks to intrude his opinion upon that of the Editorial Board * * *"

The trial judge found as a fact "that the reasons for rejection as stated by Mr. Calligaro [the student articles editor] were valid and that this particular article was one which it would not be unreasonable for any editorial review board of a Law Review to reject."

■■ We agree. The right to freedom of speech does not open every avenue to one who desires to use a particular outlet for expression. On the contrary, each particular avenue for expression presents its own peculiar problems. Joseph Burstyn, Inc. v. Wilson, 1952, 343 U.S. 495, 502–503, 72 S.Ct. 777, 96 L.Ed. 1098. Nor does freedom of speech comprehend the right to speak on any subject at any time. American Communications Assn. v. Douds, 1950, 339 U.S. 382, 394, 70 S.Ct. 674, 94 L.Ed. 925. As this court said in McIntire v. Wm. Penn Broadcasting Co. of Philadelphia, 1945, 151 F.2d 597, 600–601, cert. den. 327 U. S. 779, 66 S.Ct. 530, 90 L.Ed. 1007, "True, if a man is to speak or preach he must have some place from which to do it. This does not mean, however, that he may seize a particular radio station for his forum." See, also, Earle C. Anthony, Inc. v. Morrison, D.C.Cal.1948, 83 F.Supp. 494, aff. 9 Cir. 1949, 173 F.2d 897, cert. den. 338 U.S. 819, 70 S.Ct. 62, 94 L.Ed. 496; Tribune Review Publishing Company v. Thomas, 3 Cir. 1958, 254 F.2d 883.

■■ Thus, one who claims that his constitutional right to freedom of speech has been abridged must show that he has a right to use the particular medium through which he seeks to speak. This the plaintiff has wholly failed to do. He says that he has published articles in other law reviews and will sooner or later be able to publish in a law review the article here involved. This is doubtless true. Also, no one doubts that he may freely at his own expense print his article and distribute it to all who wish to read it. However, he does not have the right, constitutional or otherwise, to commandeer the press and columns of the Rutgers Law Review for the publication of his article, at the expense of the subscribers to the Review and the New Jersey taxpayers, to the exclusion of other articles deemed by the editors to be more suitable for publication. On the contrary, the acceptance or rejection of articles submitted for publication in a law school law review necessarily involves the exercise of editorial judgment and this is in no

**154**

wise lessened by the fact that the law review is supported, at least in part by the State.

The plaintiff's contention that the student editors of the Rutgers Law Review have been so indoctrinated in a liberal ideology by the faculty of the law school as to be unable to evaluate his article objectively is so frivolous as to require no discussion.

The judgment of the district court will be affirmed.