**SHEMAITIS v. FROEMKE.**

No. 10348.

United States Court of Appeals,
Seventh Circuit.

June 12, 1951.

Alois S. Knapp, Chicago, Ill., for appellant.

Charles J. Gallagher, Chicago, Ill., for appellee.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff appeals from a judgment dismissing his claim for damages arising, as he averred, from violation of his civil rights. The complaint alleged merely that, while plaintiff was in rightful possession of certain premises, defendant removed therefrom plaintiff's personal belongings; that in doing so defendant wrongfully failed to surrender and deliver to plaintiff certain specified items of the total value of $140, and that, by reason thereof, plaintiff suffered great mental anguish, humiliation and loss of good name and was damaged to the extent of $10,000. Defendant's answer denied these averments and prayed that the complaint be dismissed. The District Court entered an order striking the complaint but granting plaintiff 20 days within which to amend. The amended complaint, filed in pursuance of this order, was substantially the same as the original, except that it set forth in full Section 43 of the Civil Rights Act, as amended, 8 U.S.C.A. § 43, the statutory provision upon which plaintiff bases his claim. Defendant thereupon filed a motion that the complaint be stricken for want of jurisdiction and the District Court, allowing the motion, entered the order of dismissal from which the appeal has been taken.

Section 43 of the Act, 8 U.S.C.A. § 43, provides that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." It is settled beyond cavil that the act does not protect one from invasion of private rights by individual action and that, to present a valid cause of action under the section quoted, the plaintiff must show that the defendant acted or claimed to act under color of law. Logan v. U. S., 144 U.S. 263, 293, 12 S.Ct. 617, 36 L.Ed. 429; Hodges v. U. S., 203 U.S. 1, 14–20, 27 S.Ct. 6, 51 L.Ed. 65; Love v. Chandler, 8 Cir., 124 F.2d 785, 786–7; Bottone v.

964

Lindsley, 10 Cir., 170 F.2d 705, 706, certiorari denied, 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101; California Oil & Gas Co. v. Miller, C.C., 96 F. 12, 22; Moffett v. Commerce Trust Co., D.C., 75 F.Supp. 303, 305–6 and D.C., 87 F.Supp. 438, 441. Here, inasmuch as the amended complaint does not aver that defendant acted or claimed to act under color of law, it is obvious that it is defective on its face and that it was properly dismissed by the court below.

The judgment is

Affirmed.