**MILES v. ARMSTRONG.**

No. 10867.

United States Court of Appeals Seventh Circuit.

Sept. 30, 1953.

David W. Pelkey, Chicago, Ill., for appellant.

Robert A. Meier, Jr., Robert A. Meier, III, Chicago Heights, Ill., for appellee.

Before FINNEGAN, LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff, a resident of the Village of East Chicago Heights, Illinois, sued in

the District Court to recover damages from defendants, some of whom are officials of the village and others of whom are private individuals, incurred, as he averred, as a result of violation of Sections 43, 47(3) and 48, Title 8 of the United States Code Annotated. Defendants interposed a motion to dismiss on the ground that the complaint did not set forth a claim upon which relief could be had, which the court granted, dismissing the suit for want of jurisdiction. From this order plaintiff has prosecuted this appeal.

■ Plaintiff complains of the form of the judgment in that, whereas defendants moved to dismiss because of failure to state a valid cause of action, the court dismissed for want of jurisdiction. As we read the record, the court was of the opinion that the averments of the complaint were not sufficient to constitute a good cause of action for violation of the sections of the United States Code Annotated mentioned. Consequently, whatever plaintiff's rights might have been in the state court, the federal court was without jurisdiction to proceed. In this situation it was wholly immaterial whether the court dismissed the claim because it was insufficient to state a federal cause of action or whether, believing such to be the case, it dismissed the cause because it had no jurisdiction of the nonfederal action. Obviously, however, plaintiff's rights on appeal would exist in either instance.

■ Section 43 of Title 8, United States Code Annotated provides that every person who, "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory" subjects any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured. Obviously before any liability will attach under this section, the acts complained of must have been done under color of authority of the state. Yet we find in the complaint no averment that defendants actually acted under color of any such prerogatives. It is averred that certain defendants were authorized to act for the village, a subdivision of the state, but any averment that the acts of which complaint is made were committed under such color of such sovereignty is wholly lacking. Consequently, in so far as plaintiff relied upon Section 43, his complaint lacked this essential allegation.

A more serious question arises as to the alleged conspiracy in violation of Section 47. Under that section, if two or more persons conspire for the purpose of depriving any person of equal protection of the law or of equal privileges and immunities under the law and, in execution of such conspiracy, another is injured in his person or property or deprived of exercising any right or privilege of a citizen of the United States, the injured party may recover damages from the conspirators. This section, unlike Section 43, does not expressly require that the action of which complaint is made shall be under color of authority of the state.

■■ Though some courts have adhered to their conviction that Section 47 (3) must, like Section 43, be limited to action by the state or acts performed under color of authority of the state, See Love v. Chandler, 8 Cir., 124 F.2d 785 and Moffett v. Commerce Trust Co., D.C., 75 F.Supp. 303, we think that the proper interpretation of this section is that a conspiracy of private persons to deprive a citizen of "the equal protection of the laws, or of equal privileges and immunities under the laws" enacted under the United States Constitution is within the section, provided the conspirators commit an act in furtherance of the conspiracy whereby the citizen is injured in his person or property, irrespective of whether the conspirators proceed under color of authority of the state or otherwise. However, it would appear that to be valid the act must be held to apply only to deprivation of federal rights. If it be so construed as to include deprivation of purely state rights, it would not seem to be within the Constitution. Thus, in United States v. Harris, 106 U.S. 629 at page 644, 1 S.Ct. 601, at page

613, 27 L.Ed. 290, the court said: "It was never supposed that the section under consideration conferred on congress the power to enact a law which would punish a private citizen for an invasion of the rights of his fellow-citizen, conferred by the state of which they were both residents". However, we do not reach the constitutional question, See Collins v. Hardyman, 341 U.S. 651, at page 662, 71 S.Ct. 937, at page 942, 95 L. Ed. 1253, for we think that the rights of which plaintiff avers he has been deprived are those which he enjoys under the laws of Illinois and which are incident to state citizenship. The injuries he asserts he has suffered are, in essence, an aggravated assault upon his person and wanton destruction of his property—grievous injuries surely. But they do not constitute privileges and immunities incident to United States citizenship; they are rather such that the perpetrators are punishable under the state law where reparation may be obtained. State of Ark. for Use and Benefit of Temple v. Central Sur. & Ins. Corp., D.C., 102 F. Supp. 444. Consequently we are impelled to conclude that plaintiff has failed to state a cause of action under Section 47(3).

In Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253, plaintiffs charged a conspiracy on the part of private parties to deprive them of the right to assemble and petition the Congress as to certain national affairs, followed by the actual forcible breaking up of their meeting. The case is illuminating, embracing enlightening expositions of the whole subject matter of federal civil rights legislation on the part of the District Court in 80 F.Supp. 501, the Court of Appeals in 9 Cir., 183 F.2d 308, the dissenting judge in that court, and, finally, the Supreme Court, and a dissent by three of the justices. Though the right involved there was much more nearly one incident to United States citizenship, the majority of the Supreme Court concluded that the complaint did not state a good cause of action under Section 47(3), saying: "We say nothing of the power of Congress to authorize such civil actions as respondents have commenced or otherwise to redress such grievances as they assert. We think that Congress has not, in the narrow class of conspiracies defined by this statute, included the conspiracy charged here. We therefore reach no constitutional questions. The facts alleged fall short of a conspiracy to alter, impair or deny equality of rights under the law, though they do show a lawless invasion of rights for which there are remedies in the law of California. It is not for this Court to compete with Congress or attempt to replace it as the Nation's law-making body." [341 U.S. 651, 71 S.Ct. 942.]

■ Plaintiff avers further that, as a part of the alleged conspiracy, he was prevented from approaching and conferring with the United States Attorney. This, he insists, was interference with his rights under the United States Constitution. Yet the complaint is silent as to any relevant or material matter upon which he desired to consult the United States official. It contains not the slightest suggestion that anything he had to report was within the official jurisdiction of the United States Attorney or of any other United States official or employee. On the contrary, he states that his complaint had to do only with alleged violations of the state law.

■ Section 48 provides that persons having knowledge of the wrongful acts conspired to be done mentioned in Section 47 and, having power to prevent commission of the same, neglect or refuse so to do, shall be liable to the parties injured, where damage is caused by wrongful acts which such persons by reasonable diligence could have prevented. This section, too, is subject to the same limitations as Section 47; if the acts complained of which it is said defendants could have prevented do not amount to deprivation of plaintiff's rights under the United States Constitution and laws but constitute only injuries for which he has full redress under the statutes of Illinois, then no cause of action under the federal act arises. Here,

again, there are no averments that the wrongs suffered amounted in law to deprivation of the rights protected by the respective pertinent sections of the Act of Congress. If the officials of the village failed to do their duty, they are liable under the Illinois statutes but, as we have pointed out, the injuries which plaintiff suffered were not those for which the federal law furnishes a remedy but on the contrary were only those for which reparation may be had under the local law.

The judgment is affirmed.