**Arthur L. JOHNSON et al.**

v.

**LEVITT & SONS, Inc., et al.**

**Civ. A. No. 18365.**

United States District Court
E. D. Pennsylvania.
March 16, 1955.

Walter A. Gay, Jr., Philadelphia, Pa., David E. Pinsky, Philadelphia, Pa., Constance Baker Motley, Thurgood Marshall, New York City, for plaintiffs.

Dilworth, Paxson, Kalish & Green, Philadelphia, Pa., for Levitt and Sons, Inc.

Warren E. Burger, Asst. Atty. Gen. Civ. Div., W. Wilson White, U. S. Atty., Philadelphia, Pa., Edward H. Hickey, Chief, Gen. Litigation Sec. Civil Div., Carl Eardley, Atty., Civ. Div. Dept. of Justice, Washington, D. C., for Gov. Agencies.

KIRKPATRICK, Chief Judge.

The plaintiffs are Negro citizens of the United States and the defendants are (1) a New York corporation (Levitt) engaged in the construction of a new community in Bucks County, Pennsylvania, known as Levittown and (2) the chiefs and local directors of the Federal Housing Administration and the Veterans' Administration, government agencies which have assisted in the financing of the project through the guaranteeing of mortgages securing money advanced by various lending institutions.

The complaint alleges that the plaintiffs attempted to buy houses in Levittown from the corporation but were refused solely because of their race and color, notwithstanding the fact that they were able and willing to pay and had good reputations and satisfactory credit ratings.

The relief asked for is an injunction (supported by a declaratory judgment as to the plaintiffs' rights) restraining Levitt from refusing to sell to the plaintiffs solely because of race and color and restraining the government defendants from insuring mortgages on Levittown properties as long as Levitt discriminates against purchasers because of race and color.

The extent of the plaintiffs' rights and whether or not they are being violated by the defendants are questions not involved in this motion. The only question is whether the plaintiffs' action can be maintained in this court. Any remedy which they may have in the courts of Pennsylvania is not affected.

As to the government defendants, the first question is whether the complaint discloses that the government through its agencies, F.H.A. and V.A., has had anything to do with the alleged violation of the plaintiffs' civil rights or, as counsel has put it, whether there is a justiciable controversy between the plaintiffs and the government defendants.

The plaintiffs concede that the government defendants have not exercised or attempted to exercise any control over the sales policy adopted by Levitt. In fact, the gist of the complaint is that they have not done so. The plaintiffs' case is that the government agencies have the power (which they probably have) to put an end to discrimination by Levitt by refusing to guarantee mortgages unless Levitt ends it, that failure of the agencies to exercise their power in that respect is tantamount to a violation of the plaintiffs' civil rights and that this Court should by injunction compel action in that regard by the agencies.

Recognizing that where the case is one which involves a denial of rights to individuals by other individuals or by a private corporation there is no way by which, under the law, government officials or agencies can be compelled to act to restrain threatened wrongs, the plaintiffs build their case against the government upon the proposition that, as stated in their brief, "the regulation and control exercised by the federal agencies in Levittown is so extensive, the relationship between the federal agencies and Levitt so intimate, the federal aid given in this instance so crucial to the development of a community like Levittown, and federal involvement in Levitt's determinations so great that the actions of Levitt must be deemed the acts of the federal agencies."

■ The involvement of the government in the construction of a housing community like Levittown consists of a guarantee to various banks and lending institutions that money advanced by them to purchasers of individual properties will be repaid, incidental to which guarantee and for the purpose of minimizing the risk of loss to the government is the prescribing of the conditions upon which the government will undertake to guarantee the loans. These conditions consist of certain requirements which, undoubtedly, touch the project at a great many points. They have to do with architectural and development plans, the amount and terms of the mortgage loans and continuing obligations to comply with construction requirements in the future. All these do not, however, in my opinion, result in making Levitt and Sons, Inc., of New York, the government of the United States or a branch or agency of it nor do they make the government of the United States the builder or developer of the Levittown project. Public Utilities Commission v. Pollak, 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068, relied on by the plaintiffs is distinguishable. In that case the defendant, the Utilities Commission of the District of Columbia, was concededly an instrumentality of the government and charged with the duty of protecting patrons of the Transit Company from discomfort and annoyance and, consequently, non-action of the Commission in this respect furnished a basis for court action. Neither the F.H.A. nor the V.A. has been charged by Congress with the duty of preventing discrimination in the sales of housing project properties. What the plaintiffs are saying in effect is that these agencies ought to be charged with that duty. But that is something which can be done only by Congress and which cannot be forced upon the agencies in question by the courts through the medium of the injunctive process. I am, therefore, of the opinion that the complaint does not state a claim against the government defendants on which relief can be granted.

■ As to Levitt, it is clear that the sections of the code conferring jurisdiction on the federal courts regardless of the amount in controversy of suits for the redress of deprivation of civil rights, 42 U.S.C. §§ 1981–1983, and 28 U.S.C. § 1343(3), do not apply to the present case. Those enactments confer jurisdiction only in cases in which the plaintiffs have

been deprived of civil rights under color of any statute, ordinance, regulation, custom or usage in State or Territory.

There is no suggestion in count one of the complaint that Levitt in refusing to sell houses to the plaintiffs was acting under color of any state authority. On the contrary it is alleged that it acted "arbitrarily, wilfully and maliciously" and in counts three and four (now withdrawn) it was charged with acting in violation of the common and statutory law of Pennsylvania and its public policy.

The theory on which count two appears to be drawn, namely, that because Levitt is subject to the control and supervision of various officials and agencies of the Commonwealth of Pennsylvania in constructing streets, schools, sewage and water systems, etc., it is in effect a municipality and a branch of the government of Pennsylvania, is too far-fetched to require discussion.

If the jurisdiction of this Court is invoked upon any other ground such as the existence of the federal question, the jurisdictional amount must appear, and as pointed out in Hague v. Committee for Industrial Organization, 307 U.S. 496, 508, 59 S.Ct. 954, 960, 83 L.Ed. 1423, if challenged by a motion like the present one it must be substantiated by "proof on the part of the plaintiff of facts justifying the conclusion that the suit involves the necessary sum." There is in the present case not only no proof but there are no facts pleaded justifying that conclusion, and the bare allegation of the amount involved is insufficient.

The matter in controversy here is not title to a house, neither the legal title nor the equitable title involved in a suit for specific performance. What is in controversy is the privilege or right, claimed by the plaintiffs, to have the seller accept their offer to buy a house on the seller's terms—a transaction which may or may not turn out to be profitable to the plaintiffs. "The pecuniary consequences to the individual party, dependent on the litigation, and 'not the principle involved' is the matter in dispute." Dewar v. Brooks, D.C., 16 F. Supp. 636, 640; Wheless v. City of St. Louis, 180 U.S. 379, 382, 21 S.Ct. 402, 45 L.Ed. 583. Thus in the present case the plaintiffs are bound to prove, or at least plead, facts from which the Court can conclude that it will profit them to the extent of $3,000 each to be able to purchase a house in Levittown at the price at which houses are offered. This they have not done and consequently the jurisdiction of this Court is lacking.

The complaint may be dismissed.