**John G. OPPENHEIMER, Plaintiff,**

v.

**Parks STILLWELL, Defendant.**

**No. 18145.**

United States District Court
S. D. California, Central Division.

July 20, 1955.

John G. Oppenheimer in pro. per.

Harold W. Kennedy, County Counsel, Los Angeles, Cal., for Parks Stillwell.

BYRNE, District Judge.

Oppenheimer filed a complaint for damages under 42 U.S.C.A. § 1983 [1] (commonly known as the Civil Rights Act) and the jurisdictional provisions of 28 U.S.C.A. § 1343(3). [2]

The plaintiff alleges that the defend-

[1]. 42 U.S.C.A. § 1983
"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States · or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

[2]. 28 U.S.C.A. § 1343
"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
* * * * *

ant wilfully and unlawfully required

$1,000 excessive bail from plaintiff on two misdemeanor complaint for illegal parking; that by reason of said unlawful acts of defendant, plaintiff was imprisoned for approximately three hours; that plaintiff was required to and did expend $100 as the bail bond premium on the excessive bail to secure his release; that in doing the act complained of, defendant acted maliciously, spitefully and venomously; that the acts complained of were committed by defendant under color of state law at Los Angeles, California. It is alleged that the plaintiff is a citizen of the United States, but there are no allegations of either the plaintiff's or defendant's state citizenship.

The defendant has moved to dismiss on the ground that the complaint fails to state a claim against him upon which relief can be granted and the further ground that the court lacks jurisdiction for the reason that there is no diversity of citizenship between the parties and that the action presents no question arising under the Constitution or laws of the United States.

 The right to maintain a suit under the Civil Rights Act in the federal District Court, regardless of diversity of citizenship or amount in controversy, is conferred by the due process clause of the Constitution, XIV Amend. and the Acts of Congress cited above. Walton v. City of Atlanta, 5 Cir., 1950, 181 F.2d 693, certiorari denied 340 U.S. 823, 71 S.Ct. 56, 95 L.Ed. 604. However, like the Fourteenth Amendment, these statutes are directed only to state action and the invasion by individuals of the rights of other individuals is not within their purview. Williams v. Yellow Cab Co. of Pittsburgh, 3 Cir., 1952, 200 F.2d 302, certiorari denied Dorgan v. Yellow Cab Co., 346 U.S. 840, 74 S.Ct. 52, 98 L.Ed. 361. To bring himself within the provisions of these sections and escape the requirements of diversity, the plaintiff must allege facts to show that it is state action and not merely individual action that is complained of. In the absence of allegations of fact showing that the defendant acted under color of state law, the complaint should be dismissed. See Miles v. Armstrong, 7 Cir., 1953, 207 F. 2d 284; Shemaitis v. Froemke, 7 Cir., 1951, 189 F.2d 963.

██ The plaintiff has alleged as a conclusion of law that the acts of the defendant were done under color of state law. There is no showing that at the time of the acts complained of the defendant was acting in any official capacity or was clothed with the authority of any state law. Ordinarily in this posture of the case, the complaint should be dismissed, but here the defendant has attached to his motion papers the affidavit of a Deputy County Counsel wherein it is alleged that the acts complained of were committed by the defendant in the capacity of a duly elected, qualified and acting Judge of the Municipal Court of the Los Angeles Judicial District. By treating the motion to dismiss as one for summary judgment, the court may consider this affidavit. Rule 12(b), Fed. Rules Civ.Proc. 28 U.S.C.A. The uncontradicted affidavit establishes that the defendant was acting under the color of state law and it thereby nullifies that defect in the plaintiff's complaint and averts a dismissal on that ground, but it poses another question for decision, viz., are state judicial officers subject to civil action for damages under the Civil Rights Act for acts done in their official capacity.

██ Absolute immunity from liability for damages was conferred by the common law upon judicial officers in the performance of their duty. In Yates v. Lansing, 1810, 5 Johns, N.Y., 282, Chief

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

Justice Kent traces the origin of this doctrine back to ancient times. It was followed in this country without recorded dissent until the enactment of the Civil Rights Act. In Picking v. Pennsylvania R. Co., 1945, 151 F.2d 240, 250, the Third Circuit Court of Appeals thought that Congress, by the use of the phrase "Every person" in the Civil Rights Act, intended to abrogate the privilege "to the extent indicated by that act and in fact did so." The Sixth Circuit Court of Appeals in McShane v. Moldovan, 1949, 172 F.2d 1016 agreed with the Picking decision. The Picking court, commenting on its conclusion that state judges' immunity from damage suits had been abolished by Congress, stated, "The result is of fateful portent to the judiciary of the several states." If that be the law, it indeed is of fateful portent, not only to the judiciary of the several states, but to the litigants and the public. The traditional judicial immunity has been maintained, not for the benefit of the members of the judiciary, but in the interests of the public by making it possible for independent judges to discharge the duties of their offices vigorously and freely without fear of prosecution emanating from disgruntled litigants.

The question has never been squarely presented to the Supreme Court, but its determination is foreshadowed by Tenney v. Brandhove, 1951, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019, in which the Supreme Court decided that legislative immunity from civil liability for acts done within the sphere of legislative activities had not been abolished by the adoption of the Civil Rights Act. Since Tenney v. Brandhove, no federal court has followed Picking v. Pennsylvania R. Co. See Francis v. Lyman, D.C.Mass.1952, 108 F.Supp. 884, affirmed in Francis v. Crafts, 1 Cir., 1953, 203 F.2d 809, cer-

tiorari denied 346 U.S. 835, 74 S.Ct. 43, 98 L.Ed. 357; Griffin v. Connally, D.C. Tex.1955, 127 F.Supp. 203; United States v. Carson, D.C.Pa.1954, 126 F. Supp. 137; Ginsburg v. Stern, D.C.Pa. 1954, 125 F.Supp. 596; Morgan v. Sylvester, D.C.N.Y.1954, 125 F.Supp. 380. The Tenney court held that Congress in adopting the Civil Rights Act, did not mean to overturn the tradition of legislative freedom achieved in England by Civil War and carefully preserved in the formation of State and National Governments in this country. Mr. Justice Frankfurter speaking for the court, said [341 U.S. 367, 71 S.Ct. 788], "We cannot believe that Congress—itself a staunch advocate of legislative freedom— would impinge on a tradition so well grounded in history and reason by covert inclusion in the general language before us."

The tradition of judicial immunity is older than that of legislative immunity and certainly the reasons for its retention are at least as compelling. It would indeed be anomalous if the Supreme Court decided that by the use of the phrase "every person" in the Civil Rights Act, Congress intended to abrogate the traditional immunity of state judges while with respect to immunity of state legislators, Congress did not intend to "impinge on a tradition so well grounded in history and reason by covert inclusion" in such "general language".

■ The defendant is not liable in a civil action for acts done by him in the exercise of his judicial functions. It follows that there are no genuine issues of fact for trial and the defendant is entitled to a summary judgment. Counsel for defendant is directed to prepare, serve and lodge a formal order pursuant to local Rule 7.