**Stella C. DAVIS and Betty Horrigan, Plaintiffs-Appellants,**

v.

**Ray M. FOREMAN, Kenneth Clapper and Clyde Meachum, Defendants-Appellees.**

**No. 12111.**

United States Court of Appeals Seventh Circuit.

Jan. 22, 1958.

Stella C. Davis and Betty Horrigan pro se.

Ray M. Foreman, Danville, Ill., for appellees.

Before MAJOR, FINNEGAN and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

The plaintiffs Stella C. Davis and Betty Horrigan, both of Chicago, Illinois, filed a complaint in the District Court for the Eastern District of Illinois against the defendants of Danville, Illinois asserting therein that jurisdiction "is based on the following: Title 28— 1331, section 1343, section 1442(3) title 18—sec. 241–1707 and 1708 and sec. 1343 and sec. 1348 title 28 of The U. S. Code." Diversity of citizenship is not alleged. In fact the complaint shows upon its face that all of the parties are residents of Illinois.

In oral argument before this court the plaintiffs contend that jurisdiction is based on a violation of their civil rights under the Fourteenth Amendment and apparently have abandoned any claim to jurisdiction under Title 18 U.S.C.A. § 241, § 1707 and § 1708 and Title 28 U.S.C.A. § 1331, § 1348 and § 1442(a) (3). Of course, the District Court would have no jurisdiction of the claim attempted to be stated in the complaint under any of these six sections of the Code.

The complaint attempts to state a claim for damages by reason of a conspiracy entered into by the defendants on April 2 and 3, 1951 to defraud the plaintiffs. Although the plaintiffs allege that the defendant Ray M. Foreman obtained confidential information and facts from them as Assistant United States Attorney he is charged with having released such information without their consent and using it as a private individual only. Hence, whatever acts are alleged to have been done by the defendants were done by them in their capacity as private individuals.

The defendants filed a motion to dismiss upon the grounds that the District Court did not have jurisdiction over the subject matter and the claim was barred by the Statute of Limitations. The District Court granted the motion and dismissed the complaint. This appeal followed.

The purpose of the Civil Rights Act is to enforce the Fourteenth Amendment. This amendment applies only to state action. Shelley v. Kraemer, 1948, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161. A complaint which fails to allege that the defendants acted or claimed to act under color of law does not confer jurisdiction on a federal court under the Civil Rights Act and should be dismissed. Shemaitis v. Froemke, 7 Cir., 1951, 189 F.2d 963, 964. The Civil Rights Act does not protect one from invasion of private rights by individual action, Williams v. Yellow Cab Co., 3 Cir., 1952, 200 F.2d 302, 307, unless two or more persons conspire to deprive a person or class of persons of the equal protection of the laws or of equal privileges and immunities under the law or for the purpose of preventing or hindering the constituted authorities from giving or securing to all persons the equal protection of the laws. Collins v. Hardyman, 1951, 341 U.S. 651, 660–661, 71 S.Ct. 937, 95 L.Ed. 1253. Absent diversity of citizenship, the complaint totally fails to allege any facts which would confer jurisdiction on a federal court.

We have here a classic example of what occurs when laymen attempt to institute a lawsuit without the benefit of legal counsel. With but rare exception the end result is needless harassment of the defendants, fruitless endeavor by the plaintiffs and an unnecessary burden upon the courts.

The judgment of the District Court is affirmed.

FINNEGAN, Circuit Judge (concurring).

Without accepting all that is said in this opinion, I join with my brothers on the result reached approving the district judge's dismissal of the complaint for jurisdictional reasons.