Thomas O. SPAMPINATO, Plaintiff,

v.

M. BREGER & CO., Inc., Miles Breger, Dr. Guenther E. Winkler, Dr. Solomon Adelman, Dr. Max Weissman, Dr. Richard Perrault, The City of New York, Defendants.

Civ. No. 15045.

United States District Court
E. D. New York.

Aug. 28, 1958.

**ZAVATT, District Judge.**

This is a motion on behalf of defendants M. Breger & Co., Inc. and Miles Breger to dismiss, as to them, the amended complaint filed August 1, 1958, on the ground that this Court has no jurisdiction of the subject matter of the cause of action alleged therein against said defendants. The "Memorandum" in support of the motion consists merely of argument without the citation of a single pertinent statute, rule or judicial decision. The "Memorandum" of the plaintiff, a layman, did not aid the Court despite his apparent attempt to cite cases which, in his opinion, were pertinent. As a result, the Court has been compelled to do all of the research necessary to arrive at a determination of the questions of law raised by the motion of these two defendants and the opposition thereto by the plaintiff. The amended complaint was filed pursuant to leave granted in the order of Chief Judge Byers dated July 24, 1958. It appears that on August 18, 1958, subsequent to the filing of the instant motion and before the return date hereof, the plaintiff, without leave of court, attempted to withdraw the amended complaint and to file a "Supplemental Amended Complaint". A description of the current status of this proceeding was perhaps best expressed by Judge Parkinson in Davis v. Foreman, 7 Cir., 1958, 251 F.2d 421, at page 422:

"We have here a classic example of what occurs when laymen attempt to institute a lawsuit without the benefit of legal counsel.

With but rare exception the end result is needless harassment of the defendants, fruitless endeavor by the plaintiffs and an unnecessary burden upon the courts."

Although there was no authorization for the plaintiff to file a "supplemental amended complaint", Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A., and although I am of the view that such pleading is of no effect, I have examined this document bearing in mind the admonition of the Rule that leave to amend shall be freely given when justice so requires. With regard to the question of jurisdiction, I am able to perceive no substantial difference between the allegations of the amended complaint and the "supplemental amended complaint".

Both documents allege for a first cause of action against the defendant Miles Breger that he and his attorney, who is not a party to this action, "contriving and intending to injure plaintiff and deprive him of the respect, confidence and esteem peculiarly essential to plaintiff's prosecution and defense in court, pro se, and contriving and intending to deprive plaintiff of his good name, reputation and the esteem of the Court, and to bring him into disastrous, (sic) scandal, ridicule and professional disrepute before the Court, associates, friends, neighbors, acquaintances, and the public in general, and to hold plaintiff up to public scorn, contempt, ridicule and disgrace," falsely libelled the plaintiff, injuring him "in his good name, character and reputation, in the conduct and prosecution of · his litigations in Court before the general public" in the sum of $300,000.

For a second cause of action against defendant Miles Breger, the plaintiff alleges that he was slandered during the course of a trial in a State court, as the result of which he was injured in his reputation "and has suffered great pain and mental anguish" to his damage in the sum of $300,000.

No cause of action whatever is alleged against M. Breger & Co., Inc. in either the amended complaint served pursuant to the order of Chief Judge Byers or in the "supplemental amended complaint" served without leave of the court. As to the defendant M. Breger & Co., Inc. the complaint is dismissed.

No diversity of citizenship between the plaintiff and defendant Miles Breger is alleged in either the said amended complaint or the "supplemental amended complaint". Rather, the plaintiff rests his claim of jurisdiction upon the Civil Rights Act, as amended September 3, 1954, 68 Stat. 1241, 28 U.S.C.A. § 1343, and §§ 1983, 1985 and 1986 of Title 42 U.S.C.A.

 The plaintiff has quite misconceived the scope of the Civil Rights Statute. The Civil Rights Act was enacted to enforce the Fourteenth Amendment to the Constitution, which amendment is directed only to state action. The invasion by individuals of the rights of other individuals is not within the purview of said amendment. The jurisdiction conferred upon the federal district courts is similarly limited. Redress for the invasion by an individual, who is not acting under color of state law, of the private rights of another must be sought in the state courts, absent diversity of citizenship, unless two or more persons conspire to deprive a person or class of persons of the equal protection of the laws or of equal privileges and immunities under the law, or for the purpose of preventing or hindering the constituted authorities from giving or securing to all persons the equal protection of the laws. Collins v. Hardyman, 1951, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253; Mitchell v. Greenough, 9 Cir., 1938, 100 F.2d 184, certiorari denied 1939, 306 U.S. 659, 59 S.Ct. 788, 83 L.Ed. 1056; Love v. Chandler, 8 Cir., 1942, 124 F.2d 785; Bomar v. Bogart, 2 Cir., 1947, 159 F.2d 338; Laughlin v. Rosenman, 1947, 82 U.S. App.D.C. 164, 163 F.2d 838; Williams v. Yellow Cab Co. of Pittsburgh, Pa., 3 Cir., 1952, 200 F.2d 302, certiorari denied Dargan v. Yellow Cab Co. of Pittsburgh, Pa., 1952, 346 U.S. 840, 74 S.Ct.

52, 98 L.Ed. 361; Miles v. Armstrong, 7 Cir., 1953, 207 F.2d 284; Davis v. Foreman, supra; Johnson v. Levitt & Sons, D.C.E.D.Pa.1955, 131 F.Supp. 114; Oppenheimer v. Stillwell, D.C.S.D.Cal.1955, 132 F.Supp. 761; Central Ice Cream Co. v. Golden Rod Ice Cream Co., D.C.N.D. Ill.1957, 153 F.Supp. 684. It is obvious that, under the cases cited, the allegations of the first two causes of action of the amended complaint and "supplemental amended complaint" do not set forth claims within the jurisdiction of this Court under 28 U.S.C.A. § 1343, and the statutes cited above. It is likewise obvious that the other bases (alleged in the complaint) upon which the plaintiff apparently seeks to ground jurisdiction are insufficient.

The clerk will enter an order dismissing the complaint against defendants M. Breger & Co., Inc., and Miles Breger.