**Thomas O. SPAMPINATO and Jane B. Spampinato, Plaintiffs-Appellants,**

v.

**M. BREGER & CO., Inc., Miles Breger, Dr. Guenther E. Winkler, Dr. Solomon Adelman, Dr. Max Weissman, Dr. Richard Perrault, The City of New York, Defendants-Appellees.**

No. 300, Docket 25509.

United States Court of Appeals
Second Circuit.

Argued May 13, 1959.

Decided June 23, 1959.

As Modified July 7, 1959.

See, also, D.C., 166 F.Supp. 33.

------♦------

Thomas O. Spampinato, in pro. per.

Leiman & Trace, Maspeth, N. Y., Jacob Leiman, Maspeth, N. Y., of counsel, for defendants-appellees M. Breger & Co., Inc., and Miles Breger.

John Tovey, Jr., Martin, Clearwater & Bell, New York City, for defendant-appellee Winkler.

Edward Doberman, New York City, Charles H. Tenney, Corporation Counsel, New York City, for defendants-appellees Adelman, Weissman, Perrault and City of New York.

Before SWAN, HINCKS and MOORE, Circuit Judges.

SWAN, Circuit Judge.

This is an action by Mr. Spampinato and his wife to recover damages for alleged violations of their civil and constitutional rights. Their complaint was filed December 22, 1954. It asserts that the defendants are jointly and severally liable for damages in the amount of

$300,000. The litigation on behalf of the plaintiffs has been conducted throughout by Mr. Stampinato, who is not a lawyer. An amended complaint was filed pursuant to an order of the court entered in July 1958. Thereafter a "supplemental amended complaint" was filed without leave of court having been obtained or sought. The present appeal is from orders entered in December 1958 pursuant to Judge Byers' memorandum opinion, D.C., 176 F.Supp. 149, which dismissed the amended complaint and the supplemental amended complaint as against all defendants then remaining as parties to the action, and denied plaintiffs' motion for reargument of the motions to dismiss.

 Several points raised by the appeal can be disposed of summarily. The appellants have named as appellees Breger & Co. and Miles Breger, as well as all the other defendants, although the suit was dismissed as against the Breger defendants for lack of jurisdiction by an order of Judge Zavatt entered September 2, 1958, long before Judge Byers acted on the motions now on appeal.[1] No appeal was taken from the September 2nd order, but subsequently thereto the plaintiffs filed an affidavit of prejudice against Judge Zavatt. The affidavit obviously could not affect the validity of the order already entered. In the present appeal counsel for the Bregers have filed a brief demonstrating that they are not proper parties. Assuming, without decision, that defendants M. Breger & Co. Inc. and Miles Breger may be considered parties to the present appeal, dismissal of the amended complaint as to them is affirmed for the reasons stated by Judge Zavatt.

 The claim of error in denying reargument needs no discussion. A motion for reargument is discretionary and denial of it is not appealable. Klein's Outlet, Inc. v. Lipton, 2 Cir., 181 F.2d 713, certiorari denied 340 U.S. 833, 71 S.Ct. 59, 95 L.Ed. 612; Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557.

As already noted the supplemental amended complaint was filed without obtaining leave of court as required by Rule 15(a) F.R.Civ.P., 28 U.S.C.A. See also 28 U.S.C.A. § 1655. Even if leave had been requested, it could properly have been denied, as both Judge Zavatt and Judge Byers examined the supplemental amended complaint and found that in substance it was the same as the amended complaint. We agree that it was, and shall confine the rest of our discussion to the amended complaint.

The appellants' appendix is of little assistance. It sets out neither the original complaint nor the amended complaint. From the record it may be deduced that this action grew out of a dispute between Breger & Co. and the plaintiffs concerning their landlord-tenant relationship, and that plaintiffs first brought suit for a violation of their rights in a state court.[2] Subsequent to the decision cited in Note 2, the suit in the state court was discontinued and the present action was then brought in federal court. From the prolix allegations of the amended complaint it may be gathered that Miles Breger, together with an investigator of the New York City Department of Welfare and a City policeman, induced Dr. Winkler, a psychiatrist associated with the staff of Kings County Hospital, an institution owned and operated by the City of New York, to sign a certificate authorizing him (Mr. Spampinato) to be taken to the Psychopathic Ward of Kings County Hospital; that the Welfare inspector, the policeman and Dr. Winkler caused Mr. Spampinato to be transported to the hospital against his will, and that the other three doctors named as defendants, all employees of Kings County Hospital, detained and refused to release Mr. Spampinato from the hospital for a pe-

1. Judge Zavatt's opinion is reported in D.C., 166 F.Supp. 33.

2. See Spampinato v. M. Breger & Co., 2 Cir., 226 F.2d 742, certiorari denied 350 U.S. 973, 76 S.Ct. 973, 100 L.Ed. 844.

riod of 17 days until directed to release him by an order of a state court judge. There are conclusory allegations that all this was done wilfully, maliciously and pursuant to a conspiracy, and that Mr. Spampinato was thus deprived of his constitutional rights in violation of the civil rights statutes, 42 U.S.C.A. §§ 1983, 1985 and 1986. Federal jurisdiction is rested on 28 U.S.C.A. § 1343. There is no diversity of citizenship.

■ Section 1983 of the Civil Rights statutes preserves constitutional rights from infringement by persons who act under federal or state authority, not private citizens who commit wrongful acts, however wilful and malicious they may be. See Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253. See also Judge Zavatt's lucid opinion at 166 F.Supp. 33. Section 1985 of the Civil Rights statutes applies to a conspiracy of private persons but only where the object of the conspiracy is to deprive a person of equal protection of the laws. Collins v. Hardyman, supra; Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 778, 88 L.Ed. 497; Whittington v. Johnston, 5 Cir., 201 F.2d 810.

■ Since it indisputably appears from the record that Dr. Winkler acted in the capacity of a private citizen plaintiffs' complaint against him must succeed under § 1985 if it is to succeed at all. Nothing is pleaded in the complaint, however, from which it can be inferred that the acts of Dr. Winkler deprived the plaintiffs of equal protection of the law. Cf. Collins v. Hardyman, supra, 341 U.S. at page 661, 71 S.Ct. 937; Snowden v. Hughes, supra, 321 U.S. at pages 7–8, 64 S.Ct. 778; Whittington v. Johnston,

supra, 201 F.2d at page 811. Judge Byers was correct in dismissing the complaint as to Dr. Winkler.

■ The complaint against the three other doctors named as defendants as well as the City of New York may be regarded as presenting a claim under § 1983. See Commonwealth of Pennsylvania v. Board of Directors, 353 U.S. 230, 77 S.Ct. 806, 1 L.Ed.2d 792. But all the complaint alleges is that these three doctors aided and abetted the unlawful commitment of the plaintiff (Thomas O. Spampinato) to Kings County Hospital and unlawfully detained him in custody there until ordered by a state court judge to release him. Plaintiffs do not plead that these acts were the result of an intentional or purposeful discrimination against him or that in some particular the process by which he was committed and detained deprived him of due process of law. Without such allegations, the complaint at most states a claim for a breach of a private right afforded by state law as distinguished from a Constitutional right. Snowden v. Hughes, supra, 321 U.S. at page 8, 64 S.Ct. 778; Lyons v. Weltmer, 4 Cir., 174 F.2d 473. Conclusory allegations of malice are not a substitute for such pleadings. Snowden v. Hughes, supra, 321 U.S. at page 10, 64 S.Ct. 778. Judge Byers' dismissal of plaintiffs' complaint against the City and the doctors employed by Kings County Hospital is affirmed.

As Judge Zavatt remarked, Mr. Spampinato has misconceived the scope of the civil rights statutes. He still appears to misconceive it. We can see no utility in further discussion.[3]

Orders affirmed.

---

**3.** This long drawn-out case is a striking demonstration of the accuracy of Judge Parkinson's comment in Davis v. Foreman, 7 Cir., 251 F.2d 421, 422, as to the harassment caused the courts and the parties when a layman attempts to conduct litigation without the aid of a lawyer.