William WATERS, Clarence Otis, William Smith, Theodore Alston, and Charlie Booker, Plaintiffs,

v.

PASCHEN CONTRACTORS, INC., Crouch-Walker Company, Bricklayers, Mason & Plasterers International Union of America Local 21, Edward T. Joyce as President of Local 21, John McCarthy as Secretary-Treasurer of Local 21, Henry Jurgenson as Agent of Paschen Contractors, Inc., Crouch-Walker Company and Local 21, Defendants.

No. 64 C 189.

United States District Court
N. D. Illinois, E. D.

March 6, 1964.

Irvin M. Murrell, Chicago, Ill., for plaintiffs.

Kirkland, Ellis, Hodson, Chaffetz & Masters, John J. Faissler, Benjamin L. Jacobson, Joseph E. Gubbins, Chicago, Ill., for defendants.

MAROVITZ, District Judge.

This is a motion of plaintiffs for a temporary restraining order and a motion of defendants for judgment on the pleadings.

In this class action, brought by five Negro bricklayers, it is charged that defendants have conspired to discriminate against Negroes in hiring practices, in connection with the construction and erection of the Federal Center in Chicago, Illinois. In a general manner, plaintiffs allege violation of the Federal Civil Rights Act, and the Fifth and Fourteenth Amendments to the Constitution of the United States. Plaintiff seeks immediate issuance of a temporary restraining order and preliminary injunction, followed by a permanent injunction and damages in the amount of $100,000.

Before any such relief may be granted, this Court must be satisfied that the complaint states a cause over which we maintain jurisdiction. Turning first to the labor dispute, primarily the Labor Management Relations Act (Sec. 141 et seq., Title 29 U.S.C.), this Court is unable to uncover any federal right to employment which can be protected in this particular suit. And I don't mean by that that it can't be in a proper suit. This view was stated in Ball v. Yar-

borough, (5th Cir., 1960), 281 F.2d 789 where the court dismissed for lack of jurisdiction, holding that there is no federal right to employment guaranteed by the Constitution or the Civil Rights Act. Similarly, the Court in Ferrer v. Fronton Exhibition Co., (5th Cir., 1951), 188 F.2d 954, 956, held that the right to employment is exclusively within the domain of the state. See also Love v. Chandler (8th Cir., 1942), 124 F.2d 785.

■ The defendant union correctly asserts, if it has discriminated in hiring practices, this is, in effect, an alleged violation of Sections 8(a) (2) and (3), 8(b) (1) (A), and 8(b) (2) of the National Labor Relations Act (Sec. 158(b) (1) (A), and (2), Title 29 U.S.C.). Such violations are within the sole jurisdiction of the National Labor Relations Board, and not of this Court. San Diego Building Trades Council Millmen's Union Local 2020 v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).

> "When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board * * *." (359 U.S. at pp. 244–245, 79 S.Ct. at p. 780, 3 L.Ed.2d 775.)

See Marine Engineers Beneficial Ass'n v. Interlake Steamship Co., 370 U.S. 173, 82 S.Ct. 1237, 8 L.Ed.2d 418; Green v. Local 705, Hotel and Restaurant Employees', (D.C.Mich., 1963), 220 F.Supp. 505.

Secondly, plaintiffs have generally pointed to the Federal Anti-Trust laws and asked the Court to find jurisdiction. There can be no conspiracy in restraint of trade in this matter in view of the clear language of Section 17, Title 15 U.S.C. That section reads in part,

> "The labor of a human being is not a commodity or article of commerce. * * * *"

There would appear to be an absence of further provisions in the antitrust laws prohibiting discrimination in hiring. In addition, there is present no valid allegation that the flow of commerce is being restrained by defendants' actions. It therefore follows that no federal jurisdiction can be asserted under Title 15. See Courant v. International Photographers, (9th Cir., 1949), 176 F.2d 1000; Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062 (1933).

■ It is well settled law that the Civil Rights Acts, Sections 1981–1983, Title 42 U.S.C., apply only to acts done under color of state law. The Constitutional authority for the enactment of these statutes is found in the Fourteenth Amendment, which unequivocally limits state action alone.

The action at bar is brought against a number of individuals and private corporations. At no point in the complaint is it claimed that the state or federal government acted to deny plaintiffs equal protection of the laws to abridge the constitutional privileges and immunities of plaintiffs, or to deprive plaintiffs of life, liberty or property without due process of law. Nor are any factual allegations presented to demonstrate that the individual defendants acted under color of state or federal law while carrying on their allegedly discriminatory activities.

It has repeatedly been held that the Fourteenth Amendment is not directed against individual action, but rather it is solely aimed at the action of states. Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948). More specifically, the Supreme Court, in Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951), dealt with the predecessor of Section 1985, Title 42 U.S.C. The Court, stating that the Civil Rights Act did not apply in the absence of some official act, or action under color of state law, held that the action of individuals in interfering with a meeting of plaintiffs and therefore, their first amendment rights, could not be redressed by the Federal Courts.

> "Such private discrimination is not inequality before the law unless

there is some manipulation of the law or its agencies to give sanction or sanctuary for doing so." (341 U.S. at p. 661, 71 S.Ct. at p. 942, 95 L.Ed. 1253.)

The Seventh Circuit, affirming Judge Igoe of this Court, has ruled in a similar manner in Miles v. Armstrong, (7th Cir., 1953), 207 F.2d 284, 286:

"Obviously before any liability will attach under this section, the acts complained of must have been done under color of authority of the state. Yet we find in the complaint no averment that defendants actually acted under color of any such prerogatives."

See also Shemaitis v. Froemke, (7th Cir., 1951), 189 F.2d 963.

The case at bar may be distinguished from Judge Campbell's ruling in Todd v. Joint Apprenticeship Committee of Steel Workers of Chicago, (D.C.Ill., 1963), 223 F.Supp. 12. In that case, the Court found that the three governmental agencies involved "sanctioned" the discriminatory conduct of the defendant union and joint committee, within the language of the Civil Rights Cases. There, both State and Federal Governmental agencies were made party to the law suit, and the Court found denial of equal protection of the laws, both by the State, under the Fourteenth Amendment, and by the Federal Government under the Fifth Amendment. See Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884. In the complaint before this Court, no such charges of involvement are made against either State or Federal agencies. The action is brought solely against private persons and corporations. Their relationship with the Federal Government is too tenuous to justify a "government" label on their activities.

With the absence of diversity of citizenship, plaintiff is unable to demonstrate a substantial federal base on which jurisdiction may rest. Accordingly, this Court must dismiss the complaint for lack of federal jurisdiction.