Morton **BIRNBAUM**, Plaintiff-Appellant,

v.

**Ray E. TRUSSELL**, Commissioner of the Department of Hospitals of the City of New York, Robert J. Mangum, First Deputy Commissioner of the Department of Hospitals of the City of New York, and William Lewis, President, Local 237, International Brotherhood of Teamsters, Defendants-Appellees.

**No. 472, Docket 29228.**

United States Court of Appeals
Second Circuit.

Argued May 5, 1965.

Decided June 17, 1965.

On Rehearing Sept. 24, 1965.

Paul J. Clifford, Westbury, N. Y., for appellant.

Seymour B. Quel, Maurice Nadler, New York City (Leo A. Larkin, Corp. Counsel, New York City, and Benjamin Offner, New York City, of counsel), for appellees Trussell and Mangum.

Robert Nelson Shiverts, New York City (Louis E. Yavner, New York City, on the brief), for appellee Lewis.

Before MOORE, SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge.

This appeal questions the propriety of the district court's dismissal "for lack of jurisdiction" of a complaint seeking damages for violations of the Civil Rights Act of 1871.[1] We reverse and remand with instructions that the complaint be dismissed for failure to state a claim upon which relief can be granted, with leave to amend.

Plaintiff, Dr. Morton Birnbaum, a physician, brought an action *pro se* under Rev.Stat. § 1979 (1875), 42 U.S.C. § 1983 (1958), "and other sections of the Civil Rights Laws,"[2] against defendants Ray E. Trussell, Commissioner of the New York City Department of Hospitals, Robert J. Mangum, the First Deputy Commissioner, and William Lewis, president of Local 237 of the International Brotherhood of Teamsters. In brief, the complaint alleges that defendants Trussell and Mangum "dismissed the plaintiff, * * * under color of state law, from his position as a physician employed by the Department of Hospitals of the City of New York," and that the department is an agency supported by federal, state and private funds. In bare conclusory terms, the plaintiff alleges that he "was dismissed from his position because of his race" and "would not have been dismissed from his position if he were a Negro instead of being white." He also alleges that defendants Trussell and Mangum

"entered into a conspiracy with the defendant, William Lewis, * * * certain other officials of the same Local 237, certain other union officials and certain other New York City politicians to dismiss the plaintiff because of false and anti-Negro charges leveled by the agents of Local 237 against the plaintiff; that union officials threatened to picket Coney Island Hospital and thereby effectively disrupt the operations of said hospital unless the plaintiff was summarily and illegally dismissed; that such dismissal was opposed by the Medical Board of the Coney Island Hospital; that in spite of the opposition of the Medical Board, the defendants, Trussel [*sic*] and Mangum, summarily and illegally dismissed the plaintiff; that a false reason was given to the plaintiff and others for the dismissal; and, that the defendants, Trussel and

1. Ch. 22, §§ 1, 2, 17 Stat. 13 (now Rev. Stat. §§ 1979, 1980(3) (1875), 42 U.S.C. §§ 1983, 1985(3) (1958). See notes 3 and 4 infra.

2. The only other section of "the Civil Rights Laws" to which plaintiff refers in his brief is Rev.Stat. § 1980(3) (1875),

42 U.S.C. § 1985(3) (1958). Therefore, we confine our discussion to §§ 1979 and 1980(3), 42 U.S.C. §§ 1983 and 1985 (3) (1958). The subject-matter jurisdiction of the district court is founded on 28 U.S.C. § 1343(1, 3) (1958).

Mangum, have refused to openly state the true reason for the dismissal."

The complaint further alleges that the plaintiff's services for the department met the highest professional standards and

> "that the Teamsters' Union leveled the anti-Negro charges against the plaintiff solely to cover up the fact that certain members of the Union who were members of the non-professional staff at the Hospital, and who happened incidentally to be Negro, had failed to render proper care to certain severely and critically ill patients entrusted to their care."

Dr. Birnbaum claims that he was "deprived of his property rights in violation of his legal rights under the XIVth Amendment to the United States Constitution," and demands $25,000 in damages plus costs.

Defendants Trussell and Mangum answered the complaint specifically denying all allegations except that the services of Dr. Birnbaum, "as a per session physician" in the department, "were terminated upon the completion of plaintiffs' [sic] services on May 13, 1963," and that the department is maintained pursuant to the city charter and financed by city, state and federal funds. Defendant Lewis entered a general denial.

The defendants moved to dismiss the complaint for lack of jurisdiction over the defendants, for failure to state a claim upon which relief could be granted, and on the ground that there is no genuine issue as to any material fact. The three defendants filed brief supporting affidavits. Commissioner Trussell's affidavit states that he was in Europe at the time plaintiff was dismissed, that First Deputy Commissioner Mangum assumed the duties of Acting Commissioner with full powers during his absence and that he (Trussell) did not participate in this particular proceeding. First Deputy Commissioner Mangum states in his affidavit that he as Acting Commissioner "advised the plaintiff that his services as a per session physician were no longer required," and that he did not conspire with defendant Lewis or others to dismiss the plaintiff. Lewis's affidavit states that he is not a public official, that he "never in any way asked, demanded, suggested or intimated to the co-defendants, Trussell and Mangum, that the plaintiff be dismissed from his position" and that he never conspired to cause plaintiff's dismissal.

Plaintiff filed a thirty-three page affidavit, with nine exhibits attached, in which he relates in detail four episodes involving controversies with Negro employees of the Coney Island Hospital at which he was employed.

■ The district court erred in granting the motion to dismiss for "lack of jurisdiction."

As we read the complaint it alleges that the defendants, under color of state law, deprived the plaintiff of his rights under the Fourteenth Amendment, in violation of Rev.Stat. § 1979 (1875), 42 U.S.C. § 1983 (1958),[3] and conspired to deprive him of equal protection of the laws in violation of Rev.Stat. § 1980(3) (1875), 42 U.S.C. § 1985(3) (1958).[4] A showing that defendants acted "within the scope of their employment and authority" is not sufficient to defeat the district court's jurisdiction. It would nullify the whole purpose of the civil rights statutes to permit all govern-

---

3. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

4. "If two or more persons in any State or Territory conspire * * * for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; * * * in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, where-

mental officers to resort to the doctrine of official immunity. The statutory condition of defendant's acting "under color" of state or territorial law contemplates that he act in an official capacity. To the extent that state or municipal officers, such as the defendants Trussell and Mangum, violate or conspire to violate constitutional and federal rights, the Civil Rights Laws, §§ 1979 and 1980(3), 42 U.S.C. §§ 1983 and 1985(3), abrogate the doctrine of official immunity. See The Doctrine of Official Immunity Under the Civil Rights Acts, 68 Harv.L.Rev. 1229 (1955).

■ The district court also dismissed the complaint as against defendant Lewis on the ground that Lewis is not a state officer, and, therefore, could not have acted under color of state law, a requisite allegation under § 1979. However, the complaint also purports to state a claim of violation of § 1980(3), 42 U.S.C. § 1985(3), for which Lewis, even though he is not a state officer, may be held liable if he conspired to deprive the plaintiff of the equal protection of the laws. Spampinato v. M. Breger & Co., 270 F.2d 46, 49 (2d Cir. 1959), cert. denied, 361 U.S. 944, 80 S.Ct. 409, 4 L.Ed.2d 363 (1960); see Collins v. Hardyman, 341 U.S. 651, 661–662, 71 S.Ct. 937, 95 L.Ed. 1253 (1951).

■ While we reject, then, the conclusion that the district court did not have jurisdiction over the defendants, we hold that the complaint must nevertheless be dismissed for failure adequately to state a cause of action under either § 1979 or § 1980(3), 42 U.S.C. §§ 1983, 1985(3). In Powell v. Workmen's Compensation Bd., 327 F.2d 131, 133 (2d Cir. 1964), this court dismissed a complaint invoking these same sections, alleging that the defendant board, the plaintiff's employer, and an insurance carrier conspired to deprive him of the equal protection of the laws "by means of unlawful and dilatory tactics designed to hinder the processing of [plaintiff's] * * claim for workmen's compensation." We there stated:

"A complaint in a case like this must set forth facts showing some intentional and purposeful deprivation of constitutional rights. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944). This complaint does contain some general allegations, framed in broad language closely paralleling that used in Sections 1983 and 1985(3), that defendants successfully conspired to deprive plaintiff of his rights. But plaintiff was bound to do more than merely state vague and conclusionary allegations respecting the existence of a conspiracy. It was incumbent upon him to allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." (Citing cases.) 327 F.2d at 137.

Likewise in Spampinato v. M. Breger & Co., supra, 270 F.2d at 49, we affirmed the dismissal of a complaint alleging the violation by defendants of plaintiff's constitutional rights in having plaintiff committed to a mental hospital. The complaint was correctly dismissed because it did not plead "that these acts were the result of an intentional or purposeful discrimination against [the plaintiff] * * *" 270 F.2d at 49.

The complaint here is similarly inadequate. It alleges that defendants Trussell and Mangum dismissed plaintiff "under color of law" from his position, but that the real reason for the dismissal was "because of his race," and that he "would not have been dismissed from his position if he were a Negro instead of being white." The next paragraph somewhat differently alleges that the defendant officials conspired with the defendant union president Lewis "to dismiss

---

by another is injured in his person or property, * * * the party so injured * * * may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

the plaintiff because of false and anti-Negro charges."

Plaintiff has made "vague and conclusionary allegations" of discrimination based only on the difference in race between himself and some of the defendants without any showing otherwise of an "intentional and purposeful deprivation of constitutional rights." See also Morgan v. Sylvester, 125 F.Supp. 380, 386–387 (S.D.N.Y.1954), aff'd per curiam, 220 F.2d 758 (2d Cir.), cert. denied, 350 U.S. 867, 76 S.Ct. 112, 100 L.Ed. 768 (1955).

This court has traditionally accorded pleadings a liberal construction, see Dioguardi v. Durning, 139 F.2d 774 (2d Cir. 1944), including claims for damages under the civil rights statutes, Burt v. City of New York, 156 F.2d 791 (2d Cir. 1946). However, in Burt v. City of New York, supra, the plaintiff specified seven instances in which city officials "singled him out for unlawful oppression" in contrast to others similarly situated. The plaintiff here cannot make any such allegation of purposeful and systematic discrimination.

The overt acts which plaintiff alleges to establish racial discrimination suggest that his services were terminated because he was unable to get along with Negro aides. However unjust these charges, they do not constitute the type of overt act necessary to establish racial discrimination as barred by the equal protection clause of the Fourteenth Amendment. Plaintiff states in his complaint that he would not have been discharged if he were a Negro. But a Negro could probably be discharged for failure to get along with white subordinates. Such a discharge is not discrimination based on race within the meaning of constitutional guarantees.

Reversed and remanded with instructions to dismiss with leave to amend.

On Application for Rehearing

PER CURIAM:

Defendants have applied for a rehearing in this case, decided by this court on June 17, 1965, 347 F.2d 86.

The rehearing is granted and the decision of the court is modified to provide that no costs shall be taxed on this appeal.