Kenneth DICK, Plaintiff,

v.

Dr. D. A. JEFFRIES, Fred Lemhouse, Carl L. Krueger, Capitol Indemnity Corporation, Defendants.

No. 67–C–67.

United States District Court
E. D. Wisconsin.

June 27, 1968.

Jack J. Schumacher, Shawano, Wis., for plaintiff.

F. N. Trowbridge, Sr., Green Bay, Wis., for defendant, Dr. D. A. Jeffries.

O. Strossenreuther, Shawano, Wis., for defendants, Fred Lemhouse, Carl L. Krueger, and Capitol Indemnity Corporation.

## OPINION AND ORDER DISMISSING COMPLAINT

REYNOLDS, District Judge.

This is an action brought under the Civil Rights Act, 42 U.S.C. § 1985. There is no diversity of citizenship among the parties.

The plaintiff, an American of Menomonie Indian ancestry, alleges that he suddenly blacked out while walking along a street in Keshena, Menomonie County, Wisconsin, on February 21, 1966. He was taken to a hospital and examined by Dr. D. A. Jeffries, a defendant in this case. The plaintiff alleges that after the examination, the physician erroneously concluded that the plaintiff was intoxicated. The plaintiff suggests this was the diagnosis solely because the plaintiff is an Indian. The physician called the sheriff, and the plaintiff was incarcerated after being charged with being drunk in a public place and a repeater. Sections 947.-03(2) and 939.62, Wis.Stats. (1965). The plaintiff was convicted and sentenced to Wisconsin State Prison at Waupun. The plaintiff petitioned the Supreme Court of Wisconsin for habeas corpus relief, and a new trial was ordered. At this trial the charges against the plaintiff were dismissed.

This is an action for money damages, which was commenced on February 27, 1967. The Shawano Municipal Hospital, then a defendant, filed a motion to dismiss the complaint for failure to state a cause of action against the hospital. That motion was granted, and the complaint was dismissed as to the hospital by order dated September 18, 1967.

A conference was held among the attorneys and the court, and it was decided that:

1. The issues of jurisdiction and negligence were severed.

2. The remaining defendants moved to dismiss this action for want of jurisdiction.

3. If the court does have jurisdiction, it has such under 42 U.S.C. § 1985.

4. For the purpose of this motion only, the facts as alleged by the plaintiff are deemed to be correct.

It is the defendants' position that the plaintiff has failed to state a cause of action under 42 U.S.C. § 1985. The defendant, Dr. D. A. Jeffries, argues that two jurisdictional requirements are nec-

essary in order to state a cause of action under § 1985. These prerequisites are:

1. A conspiracy to impede the due course of justice in violation of the *equal protection of the laws*, or a conspiracy to deny a citizen a *privilege or immunity* under the Constitution; and

2. An act done in furtherance of such a conspiracy must have been committed.

 Dr. Jeffries argues that the plaintiff has totally failed to allege a conspiracy to deny him either the equal protection or the privileges and immunities under the law. He points out that the most that is alleged is that the defendants have conspired to deny him his right to counsel and the denial of a fair and impartial trial. These rights, Dr. Jeffries states, are denials of due process and therefore are not covered by § 1983 of 42 U.S.C. Dr. Jeffries' position is bolstered by a reading of the precedents in the area.

In the case of Eaton v. Bibb, 217 F.2d 446, 449 (7th Cir.1954), the court said:

"As we pointed out in Jennings v. Nester, 217 F.2d 153, Title 42 U.S.C.A. § 1985 authorizes a cause of action for deprivation of equal protection of the laws, and mentions in that respect action based upon conspiracy. * * *"

Assuming for purposes of this motion that Dr. Jeffries incorrectly determined that the plaintiff was intoxicated and maliciously called the sheriff's office to have the plaintiff arrested, it is clear that this is not sufficient to give this court jurisdiction of this case.

In the case of Spampinato v. M. Breger & Co., 270 F.2d 46 (2d Cir.1959), a physician, allegedly in error, signed a certificate authorizing the plaintiff to be committed to a psychiatric ward. That court held that such a fact, even if true, was not a denial of equal protection of the law.

 The defendant, Carl L. Krueger, a Shawano County undersheriff, is alleged to have signed the criminal complaint against the plaintiff. It is not a denial of federally protected constitutional rights to have suit begun against a person. The fact that a person stands trial for a crime that he may not have committed does not lead to an inescapable conclusion that federal constitutional rights to equal protection and privileges and immunities have been violated. Dunn v. Gazzola, 216 F.2d 709 (1st Cir. 1954); Cuiksa v. City of Mansfield, 250 F.2d 700 (6th Cir.1957).

For the foregoing reasons, this court is compelled to find that the complaint fails to state a cause of action under 42 U.S.C. § 1985.

It is therefore ordered that the motion to dismiss the complaint for failure to state a cause of action must be and it hereby is granted as to each and all of the defendants.