### GEACH v. MOYNAHAN et al.
### No. 10872.

United States Court of Appeals,
Seventh Circuit.

Nov. 9, 1953.

Harry Gordon Geach, Joliet, Ill., for appellant.

John J. Mortimer, Harry H. Pollack, Chicago, Ill., for appellees.

Before MAJOR, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is an appeal dismissing, for want of jurisdiction, the complaint in an action in which the plaintiff sought damages in the District Court against four members of the Police Department of the City of Chicago, Illinois, for having allegedly deprived the plaintiff of certain civil rights guaranteed to him by the Constitution of the United States.

The complaint alleged that two of the defendants William J. Moynahan and Raymond Brewer, on August 18, 1948, came to the plaintiff's private home, identified themselves as Police Officers of the City of Chicago and gained plaintiff's permission to enter his home by saying that they wanted to talk to him. On gaining admission to plaintiff's home, defendants accused him of having committed a crime on the preceding day and they then, without warrant and over plaintiff's protest, searched his private residence, seized his personal papers and other personal property, placed him under arrest and then, under threat of physical violence, these two defendants and defendant John Fitzpatrick took plaintiff to the "Cragin Police Station, 31st District of the City of Chicago Police Department."

The complaint alleged further that, after arriving at said Police Station, the plaintiff was threatened, intimidated, cursed, was repeatedly knocked to the floor by these defendants and "in general * * * was subjected to the usual third degree practices used by members of the Chicago Police Department to obtain information and/or confessions."

The complaint also alleged that, after the plaintiff had been so interrogated and mistreated for about two and a half hours at the Police Station, he was taken before defendant Leroy Steffans, a Captain of the Chicago Police Department, who knew that plaintiff had been subjected to the above described treatment and who, after being told by defendants Moynahan and Brewer that the plaintiff was being stubborn, instructed these two policemen to take the plaintiff back, saying, "You know how to get the information we want." The defendants Moynahan and Brewer thereupon returned the plaintiff to the interrogation room where they continued their "sadistic and brutal" treatment of the plaintiff.

The complaint alleged that from the 18th to and including the 24th of August, 1948, the plaintiff was subjected to further intimidating, threatening and brutal periods of interrogation at the House of Correction Hospital and at the Cragin and Shakespeare Police Stations, all in the City of Chicago, Illinois, in further attempts to coerce him and to cause him to confess and incriminate himself as to the commission of alleged crimes; that during all of this period, up to the evening of August 24th, the plaintiff was not charged with any crime, was not "taken before * * * any judge, magistrate or justice of the peace," and was "denied the * * * right to contact any counsel, his relatives or friends until 10:30 the evening of the 24th of August, 1948, * * * 155 hours after said Harry Gordon Geach was illegally and unlawfully arrested and imprisoned," and that, as a result of all of the above mentioned actions by said Police Officers, the plaintiff was deprived of civil rights guaranteed to him by the Constitution of the United States. The complaint did allege that the mistreatment of the plaintiff by defendants Moynahan and Brewer had been "through misuse of state powers."

The defendants filed a motion to dismiss the complaint contending that the complaint shows on its face that the District Court was without jurisdiction, since no Federal question was involved and that, if plaintiff has any action, it is only a common law action for tort, subject only to the jurisdiction of the state courts.

A few days after this motion was filed it was withdrawn and the defendants were granted leave to answer or otherwise plead within thirty days. No other pleading or answer was filed by the defendants but, within the thirty day period, the court, on its own motion, dis-

missed the complaint for want of jurisdiction because the court was of the opinion that "the complaint does not state a claim under the Civil Rights Act and that Plaintiff has not met with the jurisdictional requirements to pursue any alleged common law remedy in the Federal Court."

From this order dismissing his complaint the plaintiff has prosecuted this appeal in forma pauperis. In his brief the plaintiff points out that he is not a lawyer and that he has never studied law and he asks that this court bear this fact in mind when considering his brief. In his brief the plaintiff insists that in his action against the defendants he asks judgment "squarely on the grounds of deprivation of his Federally guaranteed rights," and that, therefore, the District Court had jurisdiction of the action.

Title 8 U.S.C. § 43[1] provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Counsel for defendants, in attempting to sustain the judgment dismissing the complaint, depend entirely upon their contention that the complaint does not allege that the defendants, in their alleged wrongful search, seizure, arrest, detention and mistreatment of the plaintiff "acted under color of law." To support their contention the defendants cite Shemaitis v. Froemke, 7 Cir., 189 F.2d 963, where this court said that this Act does not give a right of action to a plaintiff for invasion of his rights by individual action, but only provides for an action against a defendant who had acted, or had claimed to act, under color of law.

While it is true that to give the plaintiff a cause of action under § 43, the alleged deprivation of rights must be under color of state law, custom or usage, the required factual situation may be described in a complaint without the use of the particular words "under color of law."

In the instant case the complaint did allege that all of the defendants were regular members of the Police Force of the City of Chicago; that the two defendants who came to plaintiff's home, upon being admitted, accused him of having committed a crime which had been committed the preceding day; that, after entering his home, the defendants seized personal papers and memoranda belonging to the plaintiff, informed him that he was under arrest and was to be taken to the Police Station; and that, upon arrival at the Police Station, plaintiff was threatened, intimidated and beaten and "in general * * * was subjected to the usual third degree practices used by members of the Chicago Police Department to obtain information and/or confessions."

These defendants were not private individuals, but were officers of the Chicago Police Department, and the complaint does not picture a private affair of these defendants, but their official actions in line of duty in the investigation of a burglary which they apparently thought the plaintiff had committed. It is true that the complaint describes actions by the defendants which, of course, exceeded their official duty and authority.

But, as the Supreme Court said in Screws v. United States, 325 U.S. 91, 111, 65 S.Ct. 1031, 1040, 89 L.Ed. 1495:

"Here the state officers were authorized to make an arrest and to take such steps as were necessary to make the arrest effective. They acted without authority only in the sense that they used excessive force in making the arrest effective. It is clear that under 'color' of law means under 'pretense' of law. Thus

---

1. Now 42 U.S.C.A. § 1983.

acts of officers in the ambit of their personal pursuits are plainly excluded. Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it. If, as suggested, the statute was designed to embrace only action which the State in fact authorized, the words 'under color of any law' were hardly apt words to express the idea."

It is true that in the Screws case the Court was discussing the interpretation of "under color of any law" as those words were used in the statute which makes it a crime to deprive a person of his guaranteed civil rights, Section 20 of the Criminal Code, 18 U.S.C. § 242, but as the court said in Picking v. Pennsylvania R. Co., 3 Cir., 151 F.2d 240, 248, a case involving 8 U.S.C. § 43:

"The operative language of R.S. § 1979 [8 U.S.C. § 43], insofar as is material to the issues presented by this phase of the instant case, is identical with that of Section 20 of the Criminal Code. It follows that R.S. § 1979 must be construed as in pari materia with Section 20. The phrase 'under color of any statute * * *' employed in R.S. § 1979 must be construed as was the phrase 'under color of any law' in the Screws case."

■ And, as the Supreme Court said in United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368:

"Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law."

In Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, the plaintiffs brought an action in a Federal District Court to recover damages from certain agents of the Federal Bureau of Investigation, alleging that the damages were suffered as a result of the respondents imprisoning the plaintiffs in violation of their constitutional rights under the Fourth and Fifth Amendments to the Constitution. There, also, the defendants urged that the complaint only stated a cause of action for the common law tort of trespass, made actionable by state law, and that it, therefore, did not state a cause of action arising under the Constitution or laws of the United States. But the Supreme Court there said, 327 U.S. at page 681, 66 S.Ct. at page 775:

"Before deciding that there is no jurisdiction, the district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States. For to that extent 'the party who brings a suit is master to decide what law he will rely upon, and * * * does determine whether he will bring a "suit arising under" the * * * (Constitution or laws) of the United States by his declaration or bill.'"

The court held that where, as in that case, the complaint was so drawn as to seek recovery directly under the Constitution or laws of the United States, the Federal court must entertain the suit. The court said, 327 U.S. at page 683, 66 S.Ct. at page 776:

"Respondents' contention does not show that petitioners' cause is insubstantial or frivolous, and the complaint does in fact raise serious questions, both of law and fact, which the district court can decide only after it has assumed jurisdiction over the controversy."

■ So, in the instant case, the plaintiff's complaint clearly attempts to state an action under Title 8 U.S.C. § 43, for deprivation of rights guaranteed to the plaintiff by the Constitution and laws of the United States. We think the complaint sufficiently alleges that the actions of the defendants were "under color of law," and that the District Court had jurisdiction to entertain the action.

The judgment of the District Court dismissing the action is, therefore, reversed, with instructions that the cause be redocketed in that court.