**Daniel SLAUGHTER, Plaintiff-Appellant,**

v.

**Nelson I. DUNITZ, Assistant Public Defender, Defendant-Appellee.**

No. 17368.

United States Court of Appeals, Seventh Circuit.

Oct. 15, 1970.

Daniel Slaughter, pro se.

Shelvin Singer, Gerald W. Getty, Chicago, Ill., for appellee; James J. Doherty, Chicago, Ill., of counsel.

Before CASTLE, Senior Circuit Judge, and KILEY and CUMMINGS, Circuit Judges.

KILEY, Circuit Judge.

Plaintiff Slaughter brought this civil rights action under 42 U.S.C. § 1983 seeking compensatory damages of more than $700,000 and punitive damages of more than $1,700,000 against the defendant public defender for failure to adequately represent Slaughter at the hearing of his Illinois post-conviction proceeding. The district court dismissed the action on the ground that the complaint stated no cause for which relief could be granted. We affirm.

Slaughter was convicted of murder in the Circuit Court of Cook County, Illinois, in November, 1961, and was sentenced to a term of fourteen years in prison. On January 26, 1965, defendant Dunitz was appointed to represent Slaughter. In March of 1965 Slaughter's post-conviction remedy was dismissed. On March 29, 1965, he filed *pro se* a motion to vacate the court's order dismissing the post-conviction petition on the ground of inadequate representation of counsel at the hearing on that petition. This was denied on May 13, 1965. The Supreme Court of Illinois granted leave to appeal and appointed an attorney for Slaughter, who filed a new post-conviction petition in the circuit court in which he alleged the violation of Slaughter's constitutional rights by use of his testimony from a coroner's inquest to impeach his defense testimony at trial and that Slaughter was mentally incompetent at the trial. The circuit court again denied relief. Slaughter appealed to the Supreme Court of Illinois from these judgments. The Illinois Supreme Court, having consolidated the appeals, reversed and remanded the judgments on the ground that Slaughter "did not receive adequate representation with respect to

his original petition and * * * motion to amend that petition" and that fundamental fairness was violated by the dismissal of his new petition. People v. Slaughter, 39 Ill.2d 278, 235 N.E. 2d 566 (1968). Upon remand and after a hearing, the circuit court again denied post-conviction relief. Slaughter again appealed to the Illinois Supreme Court.

Upon learning of Slaughter's new appeal, this court ordered decision on the appeal—in Slaughter's civil rights action, pending before us—held under advisement until the Illinois Supreme Court disposed of Slaughter's appeal. On September 22, 1970 the Illinois Supreme Court affirmed the circuit court decision. The Supreme Court found no merit in Slaughter's claim that the use at trial of his testimony at the coroner's inquest violated due process or that Slaughter was mentally incompetent at the time of trial.

The thrust of the complaint before us is that Slaughter was denied his Sixth Amendment right to effective representation by his circuit court appointed attorney at the post-conviction remedy proceeding and that as a proximate result he suffered damages.

We hold that Slaughter's allegation that "[f]or 28 months [he] suffered loss of sleep * * * mental anguish * * * great weary and misery * * * [and] mental distress" by reason of the incompetency of his circuit court appointed attorney at the first post-conviction remedy proceeding is insufficient. It is clear to us that, assuming that Slaughter suffered these consequences, they were not the consequences of the alleged denial of his Sixth Amendment right to counsel, but the result of the denial of his first post-conviction remedy. Slaughter was represented at the second post-conviction proceeding, and there was no complaint about the representation. His appeal to the Illinois Supreme Court resulted in affirmance of the denial of relief. We presume that had Slaughter prevailed in either proceeding he would not have suffered the damages of which he now complains.

We conclude that the complaint is fatally defective for insufficient allegations of damages which can be attributed to the alleged denial of his constitutional right.

In view of this conclusion, we need not determine whether the complaint otherwise states a claim under § 1983.

The judgment is affirmed.