James Richard DUNCAN, Plaintiff-Appellant,

v.

John NELSON et al., Defendant-Appellees.

No. 71-1208.

United States Court of Appeals, Seventh Circuit.

March 29, 1972.

Rehearing Denied April 25, 1972.

Certiorari Denied Oct. 10, 1972.
See 93 S.Ct. 116, 175.

Paul D. Frenz, McBride, Baker, Wienke & Schlosser, Chicago, Ill., for plaintiff-appellant.

Richard L. Curry, Corp. Counsel, William R. Quinlan, Edmund Hatfield, John Elson, Asst. Corp. Counsels, James G. O'Donohue, O. R. Hamlink, Norman J. Barry, M. I. Mishkin, Joseph P. Della Maria, Jr., Chicago, Ill., for defendants-appellees.

Before DUFFY, Senior Circuit Judge, SPRECHER, Circuit Judge, and ESCHBACH, District Judge.*

ESCHBACH, District Judge.

This is a review of an order dismissing a civil action arising out of appellant's civil rights complaint under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §§ 1983 and 1988, in which appellant seeks compensatory relief for an alleged deprivation of his rights secured by the Fourteenth Amendment, which deprivation is founded upon an alleged involuntary confession extracted by these defendants. In dismissing plaintiff's com-

plaint, the district court held that the applicable statute of limitations had expired and that the defendant police officers could not be held liable for the improper act of an Illinois state court in admitting into evidence an involuntary confession, which allegedly led to plaintiff's conviction and incarceration. We reverse and remand.

Plaintiff's complaint alleges in substance the following facts: Five of the six defendants were police officers for the City of Chicago; the remaining defendant was a police officer for the Chicago Transit Authority. At all times related herein, the defendants were acting under color of the statutes, ordinances, and regulations of the State of Illinois, the City of Chicago, and the Chicago Transit Authority. On November 12, 1959, the plaintiff was taken into custody by two of the defendants as he was leaving Boys Court. He was thereafter individually and jointly interrogated by the defendants from 9:30 a. m. until 7:42 p. m. concerning the murder of one Samuel Schwartz. The result of this interrogation was an oral followed by a written confession of guilt for that murder. On January 20, 1960, over defendant's objection, the confession was admitted into evidence, and plaintiff was subsequently convicted of the murder of Samuel Schwartz. Plaintiff was sentenced to 30 years imprisonment and was confined from January 27, 1960 to December 20, 1968. In 1968, the Supreme Court of Illinois held that the confession obtained by these defendants was involuntary and that it was error to admit it as evidence. The case was remanded for new trial and at that trial, where the involuntary confession was excluded, plaintiff was acquitted.

Plaintiff alleges that the acts of these defendants deprived him of life, liberty, and property without due process in violation of the Fourteenth Amendment of the United States Constitution. Plaintiff submits that as a direct and proxi-

---

* Judge Jesse E. Eschbach is sitting by designation from the United States District Court for the Northern District of Indiana.

mate result of the aforementioned acts of these defendants, he suffered bodily pain and injury, mental anguish, and that he has lost and will lose large sums of money by reason of having been imprisoned illegally for over nine years.

█ The foregoing is the extent of plaintiff's well-pleaded material allegations, and for the purposes of defendant's motion to dismiss they are deemed admitted. Gardner v. Toilet Goods Ass'n, 387 U.S. 167, 87 S.Ct. 1526, 18 L. Ed.2d 704 (1957); Dacey v. New York County Lawyers' Ass'n, 423 F.2d 188 (2d Cir. 1970), cert. denied, 398 U.S. 929, 90 S.Ct. 1819, 26 L.Ed.2d 92 (1970). The district court, however, in dismissing this cause also took notice of the opinion of the Illinois Supreme Court in People v. Duncan, 40 Ill.2d 105, 238 N.E.2d 595 (1968), which set aside plaintiff's earlier conviction. The district court presumably accepted as true the facts found in that opinion and related those facts in dismissing this cause in the district court. In People v. Duncan, *supra,* the court found as uncontroverted fact that the plaintiff, prior to his interrogation, had been in custody on another unrelated charge. They further found that for the immediate 18 days prior to this interrogation, plaintiff had been placed in the "hole," a form of solitary confinement, where he slept on the floor, received one meal a day, and saw neither family nor friends. On his release from custody at about 9:30 a. m. on the morning of November 12, 1959, the defendants, knowing plaintiff had been in the "hole," apprehended him, removed him to an upstairs room, handcuffed him to a chair, and proceeded to interrogate him until he orally confessed at 1:30 p. m. and signed a written confession at 7:42 p. m. that evening. In that action, plaintiff had also alleged physical violence and threats, but the court there did not find it necessary to reach those allegations.

█ In finding that the applicable statute of limitations had expired, the district court did not provide us with the statutory basis for that holding. The statute under which this action was brought, 42 U.S.C. § 1983, does not provide for any period of limitations. In this situation, it is clear that we must look to the statute of limitations which Illinois would enforce had this action been brought there. O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914); Hornsby v. Fishmeal Company, 431 F.2d 865 (5th Cir. 1970); Wakat v. Harlib, 253 F.2d 59 (7th Cir. 1959). Illinois has no statute of limitations directly applicable for an action alleging deprivation of civil rights.

This court in Wakat v. Harlib, *supra,* held that the most appropriate statute in Illinois for an action under 42 U.S.C. § 1983 would be ch. 83, § 16, Ill.Rev.Stat. 1969, which creates a five-year statutory period for bringing civil actions not otherwise provided for. The only alternative statutory period presented in this appeal was ch. 83, § 15, Ill.Rev.Stat. 1969, which provides for a two-year period in actions for damages with injury to the person. Although we see no reason to depart from our holding in *Wakat, supra,* whichever statute was chosen here would not affect the result of this issue because both statutes would be tolled during plaintiff's minority and his term in prison.

█ It is generally held that whether an applicable state statute has been tolled in a federal action is a matter governed by state law. Jones v. Bombeck, 375 F.2d 737 (3d Cir. 1967); Hughes v. Smith, 264 F.Supp. 767 (D. N.J.1967), aff'd, 389 F.2d 42 (3d Cir. 1967); Gordon v. Garrison, 77 F.Supp. 477 (E.D.Ill.1948). Illinois law provides that either of the above-mentioned statutory periods will be tolled under certain disabilities, and such statute provides in pertinent part:

If the person entitled to bring an action . . . is, at the time of [sic] the cause of action accrued, within the age of twenty-one years, . . . or imprisoned on a criminal charge, he . . . may bring the action within

two years after the disability is removed. Ch. 83, § 22, Ill.Rev.Stat. (1969).

On November 12, 1959, the date of plaintiff's alleged unlawful interrogation, and the earliest date on which his cause could have accrued, plaintiff was 18 years of age. Until he attained the age of 21 in 1962, the statute was obviously tolled. Upon reaching the age of majority in 1962, plaintiff was imprisoned on a criminal charge, and that disability remained until his release from custody on December 20, 1968. The present action was filed on May 26, 1970, approximately one and one-half years after the disability had been removed. Consequently, irrespective of which statutory limitation period is applied, the two or five-year period, the present cause was brought within the two-year post-disability period provided for in ch. 83, § 22, Ill.Rev.Stat. (1969).

■ As an additional ground for dismissing this action, the district court concluded that "the improper act of the trial court [in admitting this evidence] is not the act of the police officers." Earlier in the court's order of dismissal, it explained this holding by stating that "the error was not in the manner of the taking of the confession which was to blame for the plaintiff's incarceration, but rather the admission of inadmissible confessions into evidence." Obviously, the district court construed the complaint as one seeking damages only for the harm which befell plaintiff as a result of his conviction and confinement. To the extent the court held that plaintiff may not recover damages for his conviction and incarceration, we agree.

Presumably, the district court in viewing this as essentially a tort action concluded that any damage to the plaintiff arising from his conviction and imprisonment was not proximately caused, i. e., was not the natural or foreseeable consequence, of defendants' acts. Pierson v. Ray, 386 U.S. 547, 556, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.

Ed.2d 492 (1961), Frankfurter, J., dissenting at 207, 81 S.Ct. 473, 5 L.Ed.2d 492; Kerr v. City of Chicago, 424 F.2d 1134 (7th Cir. 1970). The court, in effect, held that the act of the trial judge in admitting the confession was a superseding, intervening cause for which the defendants cannot be held liable.

Admittedly, on initial analysis it is arguable that these defendants surely realized or should have realized that the fruits of their allegedly unlawful labors would be admitted into evidence against this plaintiff; therefore, the argument would proceed, the defendants should be held liable for all foreseeable consequences of their acts, including the incarceration. *See generally* Kline v. 1500 Massachusetts Avenue Apartment Corporation, 141 U.S.App.D.C. 370, 439 F.2d 477 (1970); Gaither v. Myers, 131 U.S. App.D.C. 216, 404 F.2d 216 (1968); Rest. (Second) Torts § 448 (1965). However, these defendants are presumed to have known the then existing law concerning involuntary confession. Therefore, it can be assumed that the defendants knew or should have known that their actions in extracting this confession from the plaintiff would render it involuntary and hence inadmissible. To find that these defendants, who knew or should have known this confession was inadmissible, would foresee that the trial judge would erroneously admit this unlawful confession is untenable.

An argument somewhat similar to the one plaintiff proposes here was rejected in Striker v. Pancher, 317 F.2d 780 (6th Cir. 1963). In that case, plaintiff, after having been released from prison on a writ of habeas corpus, sued the defendant for damages under § 1983, alleging his prior plea of guilty had been upon the advice, counsel, and the insistence of defendant Pancher, the sheriff. The trial court directed a verdict for the defendant, and the court of appeals affirmed, holding primarily that the "color of authority" surrounding the defendant sheriff was an executive rather than a judicial authority, but also suggesting that plaintiff could not recover from the

defendant because the failure to inform the plaintiff properly of his right to plead not guilty and the failure to furnish counsel was attributable to the court and not to the sheriff. *Cf. Slaughter v. Dunitz,* 436 F.2d 583 (7th Cir. 1970).

Even if the court were to find that defendants should have foreseen the admission of this confession, to go further and hold defendants liable for plaintiff's conviction would be to overlook the very real possibility that at the original trial plaintiff may have been convicted without the use of this evidence.[1] Plaintiff's acquittal in the later trial, where the confession was excluded, does not compel the inference that the confession was the sole or even material basis for his initial conviction—stale evidence and missing witnesses can be paramount difficulties in a new trial years after an original conviction. In addition, to conclude that the number of years the plaintiff spent in confinement was a proximate result of this conviction, which was a proximate result of the admission into evidence of this confession, which in turn was a proximate result of defendant's unlawful acts in obtaining that confession, is not only extremely tenuous, but also makes any award of damages on that basis impossible. Assuming, contrary to what we have held, that plaintiff's conviction was a proximate result of defendant's acts, it does not follow that the particular sentence imposed upon the plaintiff was a proximate result of that conviction. Sentencing, within the bounds permitted by the particular statute, is a discretionary function of the trial judge. The factors considered by the judge in determining that sentence are many, and to conclude that the particular conviction in question was the sole consideration in formulating the sentence would be erroneous; therefore, to assess damages on the basis of the years spent in prison would also be erroneous.

We agree with Judge Parsons that plaintiff has not stated a cause of action against these defendants for his conviction and incarceration. We cannot agree, however, with the district court's conclusion that "[t]here are no grounds whatever upon which the cause of action may be maintained." Plaintiff, in his complaint, sought relief for the alleged pain, injury, and mental anguish he suffered as a result of defendants' acts. We must infer that the district court concluded that these elements of damage sought by the plaintiff were attributable solely to his conviction and confinement. This court finds that construction of plaintiff's complaint to be overly narrow.

■ The defendants argue that plaintiff's complaint, on its face, fails to state a cause of action. They argue the complaint merely alleges that the defendants "interrogated" plaintiff and, as a result, obtained a confession which was later found to be involuntary. Ordinarily, defendants' argument would be well taken. It has been held consistently that in an action under § 1983, a plaintiff is required to set forth specific illegal misconduct and resultant harm in a way which will permit an informed ruling whether the wrong complained of is of federal cognizance. *Rodes v. Municipal Authority,* 409 F.2d 16, 17 (1969), cert. denied, 396 U.S. 861, 90 S.Ct. 133, 24 L.Ed.2d 114 (1969), reh. denied, 396 U.S. 950, 90 S.Ct. 377, 24 L.Ed.2d 256 (1969); *Shakman v. Democratic Organization of Cook County,* 435 F.2d 267 (7th Cir. 1970); *Wilson v. Post-Conviction Hearing Act of Commonwealth of Pennsylvania,* 321 F.Supp. 1234 (W.D. Penn.1971). Plaintiff alleged that the confession was "involuntary." Without more, this would be an unsupported conclusion of fact that need not be deemed admitted as true on this motion. *Homan Mfg. Co. v. Russo,* 233 F.2d 547 (7th Cir. 1956); *Shakman v. Democrat-*

---

1. It should also be noted that at the first trial the jury was entitled to determine the weight and credibility to be afforded the confession and could have given it little or no weight. *People v. Cook,* 33 Ill.2d 363, 211 N.E.2d 374 (1965).

ic Organization of Cook County, 310 F. Supp. 1398 (N.D.Ill.1970), rev'd on other grounds, 435 F.2d 267 (7th Cir. 1970). However, where, as here, a judicial proceeding has found a confession to be "involuntary," then such an allegation would not be an unsupported conclusion. Moreover, the situation here is rather unique in that the district court accepted as true, for the purposes of this motion, the factual findings of the Illinois Supreme Court. Those findings clearly support the contention that this was an involuntary confession.

■ Defendants would argue, however, that even a factually supported allegation of an involuntary confession will not of itself defeat a motion to dismiss an action under § 1983. The cases cited by defendant do not support that proposition. The decisions on which defendants rely hold merely that an interrogation violative of the precepts of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), does not transform that interrogation into an actionable tort. See, e. g., Thornton v. Buchanan, 392 F.2d 870 (7th Cir. 1968); Ransom v. City of Philadelphia, 311 F. Supp. 973 (E.D.Penn.1970); Allen v. Eicher, 295 F.Supp. 1184 (D.Md.1969); Ambrek v. Clark, 287 F.Supp. 208 (E.D. Penn.1968). Those decisions would not be inconsistent with a finding that a factually supported allegation of an involuntary confession would state a cause of action under § 1983. Those decisions arguably can be justified on either one of two alternative grounds not present in the instant case, which grounds are: (1) A violation of the requirements of Miranda, supra, is not a per se constitutional violation, but only constitutes an unrebuttable presumption in the criminal action that the defendant's rights were transgressed, (2) The individual's rights are not violated until a confession obtained in violation of Miranda, supra, is admitted into evidence against him in violation of his Fifth Amendment rights.

The alleged violation in this case occurred prior to both Miranda, supra, and Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), which latter decision first incorporated the requirements of the Fifth Amendment's prohibition against self-incrimination into the Fourteenth Amendment's due process clause. Plaintiff's complaint therefore is not one alleging a violation of the requirements of Miranda, supra, nor is it one alleging a strict Fifth Amendment violation. Plaintiff's cause of action stands, if at all, solely under the provisions of the due process clause of the Fourteenth Amendment as that clause was interpreted before the Fifth Amendment's privilege against self-incrimination was incorporated therein.

■ For some time before the events here alleged, it had ceased to be seriously questioned that the due process clause of the Fourteenth Amendment prohibited compulsion to incriminate oneself by fear of hurt, torture, exhaustion, or any other type of coercion that falls outside the scope of due process. Adamson v. California, 332 U.S. 46, 54, 67 S.Ct. 1672, 91 L.Ed. 1903 (1947). See, e. g., Spano v. New York, 360 U.S. 315, 79 S. Ct. 1202, 3 L.Ed.2d 1265 (1959); Malinski v. New York, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029 (1945); White v. Texas, 310 U.S. 530, 60 S.Ct. 1032, 84 L.Ed. 1342 (1940); Brown v. Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682 (1936). Although the due process right allegedly violated here may be found in the historical underpinnings of the Fifth Amendment's prohibition against self-incrimination, "the essence of plaintiff's claim," as Justice Frankfurter stated in his dissent in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492 (1961), "is that the police conduct here alleged offends those requirements of decency and fairness which, because they are 'implicit in the concept of ordered liberty,' are imposed by the Due Process Clause upon the states." Monroe, supra at 208, 81 S.Ct. at 495.

■ Defendants finally contend that physical violence is a necessary adjunct

to a civil action based on the extraction of an involuntary confession. The cases cited by defendant do embody elements of violence, but none of those cases have held that violence is a prerequisite to a § 1983 action. *See, e. g.*, Kerr v. City of Chicago, 424 F.2d 1134 (7th Cir. 1970); Lewis v. Brautigam, 227 F.2d 124 (5th Cir. 1955); Geach v. Moynahan, 207 F. 2d 714 (7th Cir. 1953); Refoule v. Ellis, 74 F.Supp. 336 (N.D.Ga.1947). In Kerr v. City of Chicago, *supra*, this court stated:

> All of the acts of commission and omission—the totality of all the circumstances—are of great importance in determining whether plaintiff's confession was coerced in violation of his civil rights and thereby cognizable under 42 U.S.C. § 1983. 424 F.2d at 1138.

There is no indication from that language or from any other case that physical violence need be present to produce the coercion necessary to constitute an involuntary confession cognizable under § 1983. *See* Spano v. New York, *supra*; Haley v. Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.2d 224 (1948). In fact, Justice Harlan in his concurrence in Monroe v. Pape, *supra*, recognized the possibility that psychological coercion leading to a confession could constitute damages under § 1983, by using it as an example of an action under § 1983 which would ordinarily not fulfill the requirements for a common law tort. *Monroe, supra,* Harlan, J., concurring 365 U.S. at 196 n. 5, 81 S.Ct. 473, 5 L.Ed.2d 492. Although physical violence would ordinarily make damages greater and more easily ascertainable, we see no reason in either logic or experience to require the presence of physical violence as a necessary prerequisite to suit under § 1983. Moreover, there has been no finding by any court which would preclude plaintiff from his proof on the issue of physical violence. The Illinois Supreme Court simply found the confession involuntary absent the allegations of violence, and did not find it necessary to reach the issue of physical violence.

Accordingly, the order of dismissal is reversed and the cause remanded for trial in accordance with our conclusion that while the plaintiff may not recover damages for his conviction and incarceration, he should be afforded an opportunity to present his proof concerning any harm which he allegedly suffered and which these defendants knew or should have known plaintiff would suffer as a result of the unlawful interrogation and confession.