**Thomas Daniel COYNE, Plaintiff,**

v.

**Vernon R. BOECKMANN, Sheriff of Sheboygan County, Detective LeRoy Nenning, Captain Thurman, Detective Simonsmeier, and Detective Scholten, Defendants.**

Civ. A. No. 80–C–503.

United States District Court,
E. D. Wisconsin.

April 14, 1981.

Thomas D. Kuehl, Milwaukee, Wis., for plaintiff.

Alexander Hopp, Corp. Counsel for Sheboygan Co., Sheboygan, Wis., for defendants.

REYNOLDS, Chief Judge.

This is an action for damages, brought pursuant to 42 U.S.C. § 1983, arising out of the arrest and detention of the plaintiff Thomas Daniel Coyne on the night of June 5 through 6, 1977. The defendants are Vernon R. Boeckmann, the sheriff of Sheboygan County; Captain Thurman, captain of detectives in Sheboygan County; and Detective LeRoy Nenning, Detective Simonsmeier, and Detective Scholten, members of the Sheboygan County Sheriff's Department. The action is before the court on the defendants' motion to dismiss the complaint, which will be denied.

The allegations of the complaint must be accepted as true for purposes of this decision. The plaintiff asserts that on June 5, 1977, he was seventeen years old. He was taken into custody in the early evening by members of the Glendale Police Department, Milwaukee County, taken by them to a local hospital for treatment of a head injury received earlier in the day, and held pending the arrival of two members of the Sheboygan County Sheriff's Department.

At approximately nine o'clock p. m., the defendant Nenning arrived in Glendale, recited the *Miranda* warnings to plaintiff who waived them voluntarily, and began to question plaintiff about an incident involving the burning of a woman in Elkhart Lake earlier in the day. After a short time, the plaintiff stated that he would like to call his father, the questioning ceased, and he was permitted to call. He then said that his father would be arriving with an attorney and that he chose to remain silent until his father arrived. Detective Nenning stated to plaintiff, "We've got fifteen witnesses that said you lit it." He then transported the plaintiff immediately to the Sheboygan County Sheriff's Department without advising the plaintiff's parents that plaintiff was being moved.

Once in Sheboygan, the defendant Thurman assigned the defendants Simonsmeier and Scholten to. interrogate the plaintiff. They gave plaintiff the *Miranda* warnings and asked him to sign a waiver form, on which he wrote that he would wait for an attorney before answering any questions. Defendants Simonsmeier and Scholten then made some remark to the plaintiff, and he responded by asking what they had on him. They described the results of their investigation to him, and the plaintiff then made a rambling statement about the burning incident and the defendants then elicited from him responses to specific questions.

The plaintiff alleges that the statements which he made were not voluntary in light

of his age, the time of night, his emotional and medical condition, his assertion of his right to counsel, and his removal from Glendale to Sheboygan without notification to his parents. The statements were suppressed at his criminal trial. The plaintiff further alleges that the conduct of the defendants, which resulted in his self-incrimination, deprived him of his rights to be free from unlawful search and seizure, to consult with his attorney, and to receive due process and equal protection of the laws, all as guaranteed to him by the Fourteenth Amendment.

■ There is no claim stated in the complaint in this case that the plaintiff was taken into custody without probable cause or pursuant to an invalid warrant, compare *Pierson v. Ray*, 386 U.S. 547, 557, 87 S.Ct. 1213, 1219, 18 L.Ed.2d 288 (1967); nor that his right to obtain and to communicate with counsel once obtained was denied by the defendants, compare *Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977); *Davis v. Turner*, 197 F.2d 847 (5th Cir. 1952); nor that plaintiff was treated in a manner different from others taken into custody, see *Durso v. Rowe*, 579 F.2d 1365, 1371–1372 (7th Cir. 1978); *French v. Heyne*, 547 F.2d 994, 997 (7th Cir. 1976). The complaint does, however, state a claim under the due process clause of the Fourteenth Amendment.

In *Duncan v. Nelson*, 466 F.2d 939, 944 (7th Cir. 1972), the court held that a § 1983 claim for violation of the due process clause arises in circumstances where "hurt, torture, exhaustion, or any other type of coercion that falls outside the scope of due process" is used by the police to induce a confession. Physical violence is not a prerequisite. Rather,

> "* * * In *Kerr v. City of Chicago, supra*, [424 F.2d 1134 (7th Cir. 1970)] this court stated:
>
> > "'All of the acts of commission and omission—the totality of all the circumstances—are of great importance in determining whether plaintiff's confession was coerced in violation of his civil rights and thereby cognizable under 42 U.S.C. § 1983. 424 F.2d at 1138.'

There is no indication from that language or from any other case that physical violence need be present to produce the coercion necessary to constitute an involuntary confession cognizable under § 1983. * * * Although physical violence would ordinarily make damages greater and more easily ascertainable, we see no reason in either logic or experience to require the presence of physical violence as a necessary prerequisite to suit under § 1983. * * *"

In the case of a juvenile,

> "The court in *Williams v. Peyton*, 404 F.2d 528, 530–531 (4th Cir. 1968), said 'more than twenty years ago, the Supreme Court cautioned that the record must be scrutinized with special care to determine whether a young defendant's confession is voluntary. *Haley v. Ohio*, 332 U.S. 596, 599, 68 S.Ct. 302, 303, 92 L.Ed. 224. Facts to be considered include the youth of the defendant, the length of his detention without counsel and any failure to send for his parents, or to bring him promptly before a judge of a juvenile court.' In *Haley v. Ohio*, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948), the Supreme Court held a confession was coerced where a 15-year-old black youth was arrested and taken from his home at midnight and questioned by police for five hours without counsel being present.

> "Thus, the jury was entitled to hear the testimony surrounding all the events from the moment Kerr was taken from his home until his indictment by the Grand Jury. All of the acts of commission and omission—the totality of all the circumstances—are of great importance in determining whether plaintiff's confession was coerced in violation of his civil rights and thereby cognizable under 42 U.S.C. § 1983. * * *" *Kerr v. City of Chicago*, 424 F.2d 1134, 1138 (7th Cir. 1970).

At trial, a plaintiff is entitled to present proof of "any harm which he allegedly suffered and which these defendants knew or should have known plaintiff would suffer as

a result of the unlawful interrogation and confession." *Duncan v. Nelson,* supra, at 945. See also *Geach v. Moynahan,* 207 F.2d 714 (7th Cir. 1953); *White v. Rochford,* 592 F.2d 381, 383–384 (7th Cir. 1979); *Hardwick v. Hurley,* 289 F.2d 529 (7th Cir. 1961); 55 A.L.R.2d 512, "Civil liability, under federal civil rights statute (42 U.S.C. § 1983) of state officers who coerce or attempt to coerce confessions or pleas of guilty."

 The doctrine of respondeat superior is not applicable to a § 1983 claim. *McDonald v. State of Illinois,* 557 F.2d 596, 604 (7th Cir. 1977). Direct participation, whether in the form of causing or condoning the constitutional wrong, is required. *Hampton v. City of Chicago, Cook County, Illinois,* 484 F.2d 602 (7th Cir. 1973); *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir. 1977), cert. denied 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978). The defendants Nenning, Simonsmeier, and Scholten are alleged to have participated directly in the wrongs inflicted on the plaintiff—Nenning by questioning him when he was not in a fit condition and by transporting him from Glendale to Sheboygan without prior notice to his parents, and Simonsmeier and Scholten by questioning him despite his condition and with knowledge that he wished to see his attorney first. Direct participation by Captain Thurman is also alleged since the complaint asserts that Captain Thurman directed Simonsmeier and Scholten to question plaintiff after having been fully informed of the preceding events by Nenning. The claim against Sheriff Boeckmann is more precarious. The complaint alleges merely that he is the sheriff and that the acts of Nenning, Simonsmeier, and Scholten were committed at his and Captain Thurman's direction, "or with their knowledge and consent, or were afterward approved and ratified by them." (¶ 3) That allegation, if proved, and assuming that the underlying conduct of defendants Nenning, Simonsmeier, and Scholten is found to have violated plaintiff's rights under § 1983, is sufficient to impose liability on Sheriff Boeckmann. *Perry v. Elrod,* 436 F.Supp. 299, 302 (N.D. Ill.1977); *Cochran v. Rowe,* 438 F.Supp. 566, 573 (N.D.Ill.1977).

For the foregoing reasons,

IT IS ORDERED that the defendants' motion to dismiss the complaint is denied.