48 F.3d 1222
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Mark E. RYKARD, Plaintiff-Appellant,
v.
Michael R. KINNETT and Gerald Devoe, Defendants-Appellees.
 No. 94-1602.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1995.*
Decided March 2, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Mark E. Rykard is currently serving a forty-year sentence in Indiana for murder. Rykard brought suit under 42 U.S.C. Sec. 1983 against Michael Kinnett, a police officer in Albany, Indiana, and Gerald DeVoe, a member of the Albany Town Council. Rykard's complaint alleged that Kinnett arrested him without probable cause, failed to give him Miranda warnings, and committed perjury at his trial. Rykard also claimed that DeVoe was responsible for the false arrest because he "neglected his duty to oversee and supervise the conduct of the Albany Police Department." R. 8, Complaint at 6. The district court granted summary judgment to the defendants, and Rykard appeals. Summary judgment is appropriate where there is "no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 I. False Arrest
 
 2
 Rykard argues that, on July 12, 1991, Kinnett arrested him for the murder of Lisa Caverly without probable cause. Kinnett asserts that Rykard accompanied him voluntarily and was not placed under arrest.[1] Even assuming that an arrest took place, however, Rykard may not recover damages. Rykard was subsequently convicted of the murder, and "a plaintiff's previous conviction collaterally estops the plaintiff from reasserting a lack of probable cause." Currier v. Baldridge, 914 F.2d 993, 996 (7th Cir.1990), cert. denied, 499 U.S. 962, 111 S.Ct. 1588 (1991); see also Cameron v. Fogarty, 806 F.2d 380 (2d Cir.1986), cert. denied, 481 U.S. 1016, 107 S.Ct. 1894 (1987).[2] Thus, the district court properly granted summary judgment to Kinnett on the false arrest claim.[3]
 
 II. Miranda Warnings
 
 3
 Rykard claims that, after his arrest, Kinnett failed to give him the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966). Standing alone, however, the failure to give Miranda warnings will not create liability under Sec. 1983. Thornton v. Buchmann, 392 F.2d 870, 874 (7th Cir.1968); Weaver v. Brenner, 40 F.3d 527, 534 (2d Cir.1994); Cooper v. Dupnik, 924 F.2d 1520, 1527 (9th Cir.1991), cert. denied, 113 S.Ct. 407 (1992); Bennett v. Passic, 545 F.2d 1260, 1263 (10th Cir.1976). The reasoning behind this rule is that Miranda warnings themselves are not constitutionally required. Rather they are "prophylactic measures," see Cooper, 924 F.2d at 1527, that, if not given, create "an unrebuttable presumption in the criminal action that the defendant's rights were transgressed." Duncan v. Nelson, 466 F.2d 939, 944 (7th Cir.1972), cert. denied, 409 U.S. 894, 93 S.Ct. 116 (1972), and cert. denied, 409 U.S. 894, 93 S.Ct. 175 (1972). Because the failure to give Miranda warnings does not in itself amount to a violation of a defendant's Fifth Amendment right against self-incrimination, no liability is created under Sec. 1983. Weaver, 40 F.3d at 534.
 
 
 4
 If, however, Rykard shows that his right against self-incrimination was violated, he may possess an actionable claim under Sec. 1983. Weaver, 40 F.3d at 535. Rykard states that, at trial, Kinnett testified concerning statements that Rykard made to him after he was placed under arrest. These statements, Rykard claims, "prejudiced the outcome of the trial." Brief for Appellant at 7.[4] Rykard appears to be claiming that the injury he suffered by the unconstitutional admission of his self-incriminating statements was wrongful conviction and imprisonment.[5] In order to bring a Sec. 1983 action alleging wrongful conviction, however, Rykard must first demonstrate that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a[n] [authorized] state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994); see also Bennett, 545 F.2d at 1263 (propriety of admitting defendant's statements into evidence not properly addressed in Sec. 1983 action). As Rykard does not allege that his conviction has been reversed or otherwise called into question as provided by Heck, he may not seek damages for any violation of his right against self-incrimination.
 
 III. Perjury
 
 5
 Finally, Rykard claims that Kinnett violated his constitutional rights by committing perjury at trial. Police officers, however, are absolutely immune from civil liability under Sec. 1983 for their testimony in judicial proceedings. Briscoe v. LaHue, 460 U.S. 325, 342-46, 103 S.Ct. 1108, 1119-21 (1983). Thus, Rykard is not entitled to recover on either his arrest, Fifth Amendment, or perjury claim. The judgment of the district court is
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Also, Kinnett does not argue that a warrant for Rykard's arrest had been issued
 
 
 [2]
 The Cameron court based its holding not on collateral estoppel but on the theory that Sec. 1983 incorporates the common law rule that a conviction bars an action for false arrest, false imprisonment, or malicious prosecution. Cameron, 806 F.2d at 387-88. In addition, the court noted that a claim of false arrest after a conviction is really a claim of premature arrest, and a damage remedy for premature arrest is not necessary under the current system because "the exclusionary rule minimizes the injury resulting from an unlawful arrest." Id. at 388
 
 
 [3]
 The grant of summary judgment to Kinnett also absolves DeVoe of liability, because Rykard's only claim against DeVoe was for false arrest under theories of respondeat superior and failure to train. Rykard's conviction precludes him from bringing a false arrest claim against both Kinnett and DeVoe. In addition, DeVoe would not be liable even if the false arrest claim is maintainable because Kinnett does not allege that DeVoe had any personal knowledge of or role in the arrest, see Rascon v. Hardiman, 803 F.2d 269, 274 (7th Cir.1986), nor does he present any evidence on the failure to train theory that would create a genuine issue of material fact
 
 
 [4]
 The district court held that Kinnett was not liable because none of these statements were "made in a custodial setting." R. 24, Entry Granting Motion for Summary Judgment at 5. There appears, however, to be a genuine issue of material fact as to whether Rykard was in custody at the time he made at least some of the statements
 
 
 [5]
 A Sec. 1983 plaintiff must allege actual injury; "the abstract value of a constitutional right may not form the basis for Sec. 1983 damages." Memphis Community School District v. Stachura, 477 U.S. 299, 308, 106 S.Ct. 2537, 2543 (1986)